## JOSEPHINE A. BROW *vs.* OLIVER H. HATHAWAY.

If one who has lost goods by theft goes to the house of the person whom he suspects to have stolen them, and there, in reply to questions put as to the object of his visit, accuses that person of the theft and states the grounds of his accusation, the communication is privileged, if made in good faith, with the belief that it is true, and without express malice, although made in the presence of others, and although it may have been intemperate and excessive from excitement.

It is a question for the court to decide, in the first instance, whether words alleged to have been slanderous were privileged by the occasion, assuming them to have been spoken in good faith, without malice, and in the belief that they were true; and if so privileged, then the plaintiff must show express malice in order to recover. And if there is evidence tending to show express malice, that question should be submitted to the jury.

TORT for slander. The declaration contained two counts, and the words set forth as slanderous were as follows : " You (meaning the plaintiff) entered our shop and took fifty-eight dollars' worth of goods." " She (meaning the plaintiff) took the goods and has stolen other things before. She stole the goods we missed." " My wife accuses Josephine of entering her shop with a key Monday night, and taking fifty-eight dollars' worth of goods." " When we took account of stock, I accused her to my wife of taking two hundred dollars' worth, either in goods or money." " If I do not (meaning if I do not lose any more goods) I shall certainly say it was Josephine ; and if I do, I shall lay it to her." " There has been as good girls as she was, as far as I know, accused of stealing, and owned up to it." " There have been a great number of innocent persons convicted, without doubt, and you might be." " When we took account of stock I accused her then to my wife, of taking to the amount of two hundred dollars, either in goods or money, and told her it was time to discharge Josephine, and go into the front part of the shop herself."

The answer denied the speaking of the words, and set forth, amongst other things, that the defendant's wife was engaged in business in Fall River, and he was interested therein with her, and the plaintiff had been employed by her in the business, and various articles and sums of money had been missed from the shop ; and, if the defendant spoke the words charged, they were

spoken in good faith, without malice, for the sake of public justice, in the prosecution of an inquiry into a suspected crime, in matters where his interest was concerned, to enable him to protect his interest, and in the belief that they were true.

At the trial in the superior court, before *Vose*, J., the plaintiff introduced evidence tending to prove the speaking of the words alleged. The defendant thereupon introduced evidence tending to prove that he with his wife kept a milliner's shop in Fall River; that the plaintiff was employed there in 1864; that the other persons employed there were his wife and son; that on taking an account of stock in July 1864 he discovered a deficit of some two hundred dollars which he could not account for; that he afterwards missed more goods; and that he suspected the plaintiff and discharged her in December 1864, without informing her of his suspicions or assigning any reasons except that he thought he could do better in his front shop. There was also evidence tending to prove that on the night of January 9th 1865 some person familiar with the premises entered the shop and stole about fifty dollars' worth of goods, of a kind such as the plaintiff had expressed a desire for; that on the morning of January 10th the defendant reported his loss at the police office of the city, and a police officer, without having any warrant, went with him to the house of the plaintiff's mother, where the plaintiff lived, and were invited in by the plaintiff, and upon an inquiry by the mother what they wanted the defendant answered that some one had entered his shop, and he then proceeded to use the words charged in the declaration in the presence of the plaintiff and her mother and younger sister and the police officer. Permission to search the premises was granted, but no goods were found. The defendant testified that whatever he said or did was in good faith, without malice, and because he believed his suspicions to be true.

The defendant thereupon contended that the words constituted a privileged communication, for the making of which he was not liable. But the judge instructed the jury that if the defendant used the words and language alleged in the declaration he would be legally liable therefor, although they might have been used

under the circumstances testified, and although he might have believed them to be true and have had no malicious design to defame the plaintiff.

The jury returned a verdict for the plaintiff, with $498.28 damages; and the defendant alleged exceptions.

*J. M. Morton, Jr.,* for the defendant, in addition to cases referred to in the opinion, cited *Harrison* v. *Bush,* 5 El. & Bl. 344; *Amann* v. *Damm,* 8 C. B. (N. S.) 597; *Coxhead* v. *Richards,* 2 C. B. 569; *Taylor* v. *Hawkins,* 16 Q. B. 308; *Somerville* v. *Hawkins,* 10 C. B. 583; *Wright* v. *Woodgate,* 2 Cr., Mees. & R. 573; *Pattison* v. *Jones,* 8 B. & C. 578; *Bodwell* v. *Osgood,* 3 Pick. 379.

*T. Weston, Jr.,* for the plaintiff, cited, in addition to the foregoing cases, *Blagg* v. *Sturt,* 10 Q. B. 899, 905; *Gardner* v. *Slade,* 13 Q. B. 796; *Warwick* v. *Foulkes,* 1 Dowl. & Lowndes, 638; *Bromage* v. *Prosser,* 4 B. & C. 247; *Gilpin* v. *Fowler,* 9 Exch. 625; *Fountain* v. *Boodle,* 2 Gale & Dav. 458.

WELLS, J. The defendant's wife having lost goods from her store, and having grounds to suspect that the plaintiff had stolen them, the defendant applied to the chief of police, and, at his suggestion, went with a police officer to the house where the plaintiff resided with her mother, to make inquiry into the matter. No search-warrant was taken, but a search was made by permission of the mother and the plaintiff. No stolen goods were found. This proceeding had no authority of law, but, with the assent of the householder, there was no impropriety in it; and there is nothing in the case to show that it was resorted to, or that the attendance of the police officer was procured, otherwise than in good faith and to secure a proper investigation for the discovery of the stolen goods.

The words alleged as slanderous were spoken by the defendant on that occasion, in reply to the inquiry of the mother as to " what they wanted," and in explanation of their visit. They all related to the subject matter of the supposed theft, and the grounds which the defendant had to suspect the plaintiff. This statement furnishes the conditions which establish the legal position of " privilege," rebutting the presumption of malice which

the law would otherwise imply, and making it incumbent upon the plaintiff to show malice in fact in order to recover.

The broad general principle is carefully stated in the case of *Toogood* v. *Spyring*, 4 Tyrwh. 582, which is referred to in nearly all the later decisions upon this subject, and its doctrines have been quoted and approved by this court in *Swan* v. *Tappan*, 5 Cush. 104, and *Gassett* v. *Gilbert*, 6 Gray, 94. A narrower statement, applicable to the facts of the present case, is made by Lord Ellenborough in *Delany* v. *Jones*, 4 Esp. 191, namely : " If done *bona fide*, as with a view of investigating a fact, in which the party making it is interested, it is not libellous." To the same effect are *Padmore* v. *Lawrence*, 11 Ad. & El. 380, and *Fowler* v. *Homer*, 3 Camp. 294. In *Blackham* v. *Pugh*, 2 C. B. 620, Chief Justice Tindal says : " A communication made by a person immediately concerned in interest in the subject matter to which it relates, for the purpose of protecting his own interest, in the full belief that the communication is true and without any malicious motive, is held to be excused from responsibility in an action for a libel."

. This " privilege " is not defeated by the mere fact that the statements were made in the presence of others than the parties immediately interested ; nor that they were intemperate or excessive from over excitement. *Toogood* v. *Spyring*, cited above. *Dunman* v. *Bigg*, 1 Camp. 269.

Whether the subject matter to which the communications relate, the interest in it of the party making them, or his relations to it, are such as to furnish the excuse, is a question to be determined by the court, in the first instance, assuming that they were made in good faith, in the belief that they were true, and with no motive of malice.

If unnecessary publicity be given to the statements, or if they go beyond what is reasonable in imputing crime, these circumstances may tend to show malice in fact ; as well as evidence that the defendant knew them to be false, or had no sufficient reason to believe them true, or that he improperly sought or used the occasion to utter the defamatory words. But however strong the evidence from these sources may be, and however irresistible

the conclusion of malice to be drawn therefrom, it is a conclusion of fact, and is to be drawn by the jury, and not by the court. The judge who tried this cause instructed the jury that if the defendant used the words alleged, he was liable, " although ne may have believed them to be true and may have had no malicious design to defame the plaintiff" This ruling, as it seems, must have been based upon the ground, either that the occasion was not one which furnished the excuse of "privilege," or that the defendant had, by some abuse of the privilege, lost the benefit of its protection. If upon the former ground, we think it was wrong as matter of law, both upon the authorities and upon principle. If upon the latter, it was a question not for the court, but for the jury.

This case must be distinguished from those in which the party pleading the excuse of " privilege " is guilty of making use of the occasion to utter charges of a character foreign to its legitimate purpose. As, for instance, if this defendant had, in addition to his statements in relation to the supposed theft, gone on to criminate the plaintiff generally, or to accuse her of unchastity, it would then have been the duty of the court, in an action for uttering such charges, to instruct the jury that as to such words, not appropriate to the legitimate objects of the occasion, it furnished the defendant no excuse whatever. But in this case the language all related to the subject of the theft which they were investigating, and it should have been left to the jury to determine, upon all the circumstances of the case, whether the defendant was guilty of actual malice.

*Exceptions sustained.*