## MATTHEW C. FLANAGAN *vs.* JENNIE E. McLANE.

Third Judicial District, Bridgeport, April Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

When the author and publisher of an alleged libelous communication
    acts in the bona fide discharge of a public or private duty, or in the
    prosecution of his own rights or interests, the occasion of the
    publication is privileged.

A privileged occasion rebuts the implication of malice which the law
    draws from the publication of false and defamatory matter re-
    specting a plaintiff, and casts upon him the burden of proving that
    the defendant was actuated by malice in fact.

Whether the occasion is one of privilege is a question of law for the
    court: whether in its use the defendant was actuated by actual
    malice is a question of fact for the jury.

An appeal which does not challenge the correctness of the rulings or
    charge of the trial court, but rests solely on the ground that the
    verdict for the defendant in an action of libel was against the
    evidence and should have been set aside as requested by the plain-
    tiff, does not bring up for review by this court the question whether
    the letters complained of as libelous were privileged communica-
    tions or not.

While the plaintiff, a plumber, and his helper were at work in the de-
    fendant's house, a sum of money disappeared, and the defendant
    wrote to a constable of the town expressing her conviction that the
    plaintiff had stolen it, and asked the constable to see what he could
    do about the matter. Later the money was found, but not where
    it had been originally placed, and the defendant, by letter, informed
    the constable of that fact and that she should do nothing further
    about it, but reiterated her belief that the plaintiff had taken the
    money and, when suspected, had secretly returned it. *Held* that
    under the circumstances the whole correspondence must be taken
    together, and that the reiteration of her belief in the plaintiff's
    guilt, if made honestly and without malice, was a privileged com-
    munication for the guidance of one whose duty it was or might
    become to continue the investigation with a view to criminal pro-
    ceedings.

Submitted on briefs April 9th—decided July 25th, 1913.

ACTION for libel, brought to the City Court of New
Haven and tried to the jury before *Hoyt, J.;* verdict

and judgment for the 'defendant, and appeal by the plaintiff. *No error.*

The complaint contains three separate counts in libel and one in slander. The plaintiff and his helper worked in and about the house of the defendant's husband for some weeks. During this time a sum of money was missed which afterward reappeared. While the money was missing, the defendant wrote the letter set forth in the first count to one Sturtze, a constable of the town of Hamden, informing him of the loss and of her belief that the plaintiff had taken it. She had already written a similar letter, set forth in the fourth count, to the mother of the plaintiff's helper. After the money reappeared the defendant again wrote to Sturtze the letter which is the basis of the second count, saying, in effect, that the money had been found in a place where she had never put it, and that she would do no more about the matter, but was satisfied that the plaintiff had taken it, and brought it back again when he found that he was suspected. The third count of the complaint is in slander. The defendant's answer denied the allegations of the third count, admitted the authorship of the letters, and pleaded privilege and want of malice as to each. Technically, and by reason of verbal inaccuracy, the second count stands unanswered; but the intent to plead the same defense to the second count as was pleaded to the first is manifest, and the case was tried in the court below, and argued here, as if the issue had been so formulated. The jury found the issues for the defendant.

*Matthew A. Reynolds,* for the appellant (plaintiff).

*Edwin S. Pickett,* for the appellee (defendant).

BEACH, J. The law implies malice from a libelous publication, except in certain cases of privilege, one of

which is when "the author and publisher of the alleged slander acted in the bona fide discharge of a public or private duty, . . . or in the prosecution of his own rights or interests. . . . A privileged communication means nothing more than that the occasion of making it rebuts the prima facie inference of malice arising from the publication of matter prejudicial to the character of the plaintiff, and throws upon him the onus of proving malice in fact; but not of proving it by extrinsic evidence only; he has still a right to require that the alleged libel itself shall be submitted to the jury, that they may judge whether there is evidence of malice on the face of it." *White* v. *Nicholls*, 44 U. S. (3 How.) 266, 286, 287.

Whether a publication is libelous *per se* is a question for the court. *Donaghue* v. *Gaffy*, 54 Conn. 257, 266, 7 Atl. 552. Whether the occasion is one of privilege is also a question of law for the court. *Atwater* v. *Morning News Co.*, 67 Conn. 504, 513, 34 Atl. 865; *Hassett* v. *Carroll*, 85 Conn. 23, 36, 81 Atl. 1013. Whether the defendant in the use of the privileged occasion was or was not actuated by malice in fact, is a question for the jury. *Donaghue* v. *Gaffy; Atwater* v. *Morning News Co., Hassett* v. *Carroll, supra.*

No complaint is made on this appeal in regard to the rulings or charge of the court, and the only alleged error is the denial by the court of the plaintiff's motion to set aside the verdict as against the evidence.

As to the count in slander, the evidence was conflicting and affords reasonable basis for the verdict. So far as the counts in libel are concerned, the only question raised by this appeal is whether there was evidence from which the jury might reasonably have found that the defendant, in writing the letters complained of, was not actuated by malice in fact. We think, from an examination of the evidence, that the

jury might properly have come to the conclusion, from the defendant's own testimony, that she honestly believed that the plaintiff or his helper had taken her money, and that the letters in question were written in that belief and without malice in fact.

It is claimed in appellant's brief that the letter set out in the second count, which was written to the officer after the money was found, is beyond the pale of privilege, because the defendant was not then in the discharge of any duty or engaged in an effort to recover her money. But, as already pointed out, the question whether the letter was, or might be, if the facts pleaded in the answer were proved, a privileged communication was a question of law for the court; and it nowhere appears that the plaintiff made the claim in the court below, as a claim of law, that the letter was not privileged.

The motion to set aside the verdict is on the single ground that it is manifestly against the evidence. The question whether the letters themselves were privileged communications, on the facts pleaded, was a question of law for the court and is not brought up by this appeal.

We think that the letter set forth in the second count, although written after the money was found, must be dealt with as a part of the whole correspondence between the defendant and the officer. It is not very seriously disputed that the first letter to Sturtze, written before the money was found, is, on the facts pleaded, a privileged communication. Sturtze was a constable, and the defendant appealed to him to investigate her loss with a view to get "evidence and threaten them with arrest." She was concerned more with using the law *in terrorem* than with the punishment of the supposed thief. Then, when the money was found, she again writes the officer, telling him that it is found, but

in a place where she never put it; that she will do no more about the matter; and that she is still satisfied that the plaintiff took it and brought it back again. Clearly this second letter would never have been written except for the first. The defendant was in a way bound to let the officer know that the money had been found, and if she said no more her letter would be taken as an admission that her former suspicions were mistaken. We think, under these circumstances, that the defendant, in writing to an officer already engaged in investigating the loss, was legally entitled, if acting honestly and without malice, to reaffirm her belief in the plaintiff's guilt, for the guidance of the officer in case it was, or might become, his duty to pursue the investigation with a view to criminal proceedings.

There is no error.

In this opinion PRENTICE, C. J., and THAYER, J., concurred.

WHEELER, J. (dissenting). The action consists of three separate counts in libel and one count in slander.

It could not be held that the verdict of the jury upon the issues presented under counts one and four, for libel, and count three for slander, might not reasonably have been rendered.

Count two recites that on March 31st, 1912, at Hamden, the defendant published a letter addressed to Frederick Sturtze as follows: "I wrote you a few weeks ago about some money we had stolen, and as I have heard nothing from you concluded that you haven't done anything about it. I write now to say we have found the money stowed away in a place where we would never have put it, so we think that after they found we suspected them, they returned it and hid it in that place, for Mr. Flanagan kept saying, 'Hasn't

it been mislaid?' Of course we are very glad to get the money and shall do nothing further about it, although I am perfectly satisfied in my mind that Mr. Flanagan took it, for he acted guilty." And it further recites that the publication was false and malicious.

The defendant makes the first defense of her answer—privileged communication—the second defense of her answer to the second count. The first defense was made as an answer to all the counts; in reality it is a defense to the first count alone. That count recited that the defendant had published a certain libel of the plaintiff on March 5th, 1913, in a letter addressed to Frederick Sturtze. It set up that she, believing certain moneys belonging to her had been stolen, wrote to Mr. Sturtze, a peace officer of Hamden, requesting him as such peace officer to investigate the facts set forth in the letter recited in count one; and further, that her letter was written without malice against the plaintiff, in an honest endeavor to recover her property by making a complaint to the proper authority for his investigation, and was a privileged communication. The libel set forth in the second count was published in another letter and on another day, and constituted an independent cause of action. Therefore the so-called first defense—privileged communication—to the first count, has no relation to the cause of action set up in the second count.

The second count on the record stands unanswered. The opinion of the court concedes this. In the statement of facts accompanying the opinion the court say: "Technically, and by reason of verbal inaccuracy, the second count stands unanswered; but the intent to plead the same defense to the second count as was pleaded to the first is manifest, and the case was tried to the court below, and argued here, as if the issues had been so formulated."

I do not find these admissions stated in the record. Nor do I find them in the brief or oral argument of the plaintiff. I think the court had no right to disregard the pleadings as made by the parties.

But if the defendant had pleaded privilege, as she may have intended, her plea would have been ineffective, just as the facts in evidence are ineffective, to establish that this letter was a privileged communication. The defamatory publication charging a crime, not being denied, stood admitted and made out a prima facie case against its author, and from its publication the law presumes it is false, imputes malice to its author, and presumes some damage. *Atwater* v. *Morning News Co.*, 67 Conn. 504, 521, 34 Atl. 865; *Donaghue* v. *Gaffy*, 53 Conn. 43, 51, 2 Atl. 397; *Swift* v. *Dickerman*, 31 Conn. ·285, 293; *Bacon* v. *Michigan Central R. Co.*, 55 Mich. 224, 21 N. W. 324; Newell on Slander & Libel (2d Ed.) § 19, p. 770; 2 Greenleaf on Ev. (16th Ed.) § 418. But if the publication could be shown to have been a qualified or conditionally privileged communication, the presumption of falsity and malice is rebutted, and the burden of proving that the publication was made with express malice is on the plaintiff, for no one has a qualified privilege to maliciously libel another. *Atwater* v. *Morning News Co.*, 67 Conn. 504, 518, 34 Atl. 865; *Barry* v. *McCollom*, 81 Conn. 293, 297, 70 Atl. 1035; *Hassett* v. *Carroll*, 85 Conn. 23, 35, 81 Atl. 1013; *Nichols* v. *Eaton*, 110 Iowa, 509, 512, 81 N. W. 792; note to *Denver Public Warehouse Co.* v. *Holloway*, 3 L. R. A. (N. S.) 697 (34 Colo. 432, 83 Pac. 131); note to *Sunley* v. *Metropolitan Life Ins. Co.*, 12 L. R. A. (N. S.) 91 (132 Iowa, 123, 109 N. W. 463).

If circumstances came to the knowledge of the defendant which caused her to believe a crime had been committed, it was her civic duty to state to the authorities what she knew and believed; on ground of highest

public policy her communication would be a qualified or conditionally privileged one. *Eames* v. *Whittaker,* 123 Mass. 342, 344; *Brow* v. *Hathaway,* 95 Mass. (13 Allen) 239, 241; Newell on Slander & Libel (2d Ed.) §§ 96, 98, p. 500.

Moreover, since the defendant had an interest in the recovery of the money and the person to whom she made the communication had a duty to discharge respecting this, she had, so long as she did not act with express malice, the right to communicate to the peace officer the circumstances attending the loss of her money together with her suspicions and belief and every circumstance relevant to the detection of the theft. She must not make such a charge recklessly, or wantonly, or without circumstances reasonably arousing suspicion. Protection against the consequences of a defamatory charge through the privileged character of the charge requires an occasion of privilege and a privileged use of the occasion. *Hassett* v. *Carroll,* 85 Conn. 23, 81 Atl. 1013. Whether the occasion upon which this letter was written was a privileged one is one of law for the court. Whether the use of the occasion was privileged is a question of fact, and ordinarily for the jury. *Hassett* v. *Carroll, supra;* 1 Cooley on Torts (3d Ed.) * 251. But where, as in this case, the facts are not in dispute, whether the use of the occasion was privileged becomes a question of law.

The letter clearly charges the plaintiff with the theft of the defendant's money. It was not written the peace officer for the purpose of having him investigate the theft; nor in furtherance of any feature of the case. It was written primarily to have the peace officer desist from the investigation of the theft of which the defendant had complained to him over three weeks previously.

Belief in the charge did not justify her in its reiter-

ation upon withdrawal of it from the officer. She was not engaged in the performance of a public duty nor in the fair protection of her rights in renewing her charge against the defendant. She had no more right to libel the plaintiff in a communication to the peace officer than in one to any other person. Had her communication been made in furtherance of the detection of the theft or the prosecution of the crime, the occasion might have been a qualifiedly privileged one. "It must appear that they [the words] were spoken by defendant in the discharge of some public or private duty, legal or moral, and with that end and purpose in view, . . . and that they were spoken for the protection of such interests, and were relevant and proper in that connection. It must also appear that they were uttered in good faith, and in the honest belief that they were true." *Quinn* v. *Scott*, 22 Minn. 456, 462; *Burch* v. *Bernard*, 107 Minn. 210, 212, 120 N. W. 33; *Dale* v. *Harris*, 109 Mass. 193, 196; *Ashcroft* v. *Hammond*, 197 N. Y. 488, 494, 90 N. E. 1117.

This letter was not of this character, and in my opinion was not privileged; if this were not so, it is perfectly clear that the use made of the occasion was not privileged. The opinion holds that it was incumbent upon the plaintiff to have claimed in the court below that this letter was not privileged. On the contrary, as it seems to me, the defendant and not the plaintiff had the burden of proving the surrounding circumstances establishing the privilege. The opinion holds that the question whether the letter was privileged was a question not brought up by the appeal, since the case is before the court upon a motion to set aside the verdict as against the evidence. We must determine whether, on the issues raised, a cause of action was established. If there was a cause of action, unless the letter were privileged, the court cannot

New London *v.* Perkins.

determine whether the plaintiff was entitled to a verdict without passing upon the issue of whether this letter was privileged.  To me this seems self-evident.

The opinion further holds that the defendant had the right, under the circumstances, "to reaffirm her belief in the plaintiff's guilt, for the guidance of the officer in case it was, or might become, his duty to pursue the investigation with a view to criminal proceedings."

This conclusion is, I believe, against all authority. The defendant was not engaged in the performance of a public duty, nor in the fair protection of her rights in renewing her libelous charge.  She wrote to notify the constable to desist from his investigation.  He had then been doing detective work for her in getting evidence, and expected her to pay him for his services.  I repeat, her belief in the charge and her freedom from malice did not justify her renewal of the charge of theft to the public officer in discharging him from her service. In my opinion the verdict should be set aside and a new trial granted as to the second count.

RORABACK, J., although dissenting, did not concur in this opinion.