[No. 8635.]

JACKISCH v. QUINE.

1. PLEADINGS—*Motion for Judgment Upon*, for defects in the pleadings is in effect a demurrer, and if allowed deprives the adversary party of his right to amend. It must therefore be denied. (74.)

2. SLANDER—*What Words Actionable.* In actions for defamation the words complained of must be considered in their commonly accepted sense. An employer saying of his clerk that he was "short in his accounts," the words held actionable *per se.* (75.)

*Error to San Miguel District Court.* Hon. THOMAS J. BLACK, Judge.

Mr. CARL J. SIGFRID, Mr. DAVID C. STEMEN, for plaintiff in error.

Mr. L. W. ALLEN and Mr. H. R. KAUS, for defendant in error.

Plaintiff in error, as plaintiff below, alleged in his complaint that he was, and for several years had been a resident and citizen of Telluride, Colorado, engaged as a pharmacist and confidential clerk, and had enjoyed the business confidence of the community; that October 31, 1913, defendant (defendant in error) in a certain discourse and statement made by him in the city of Telluride, in the presence and hearing of divers persons, ma-

liciously spoke and published of and concerning plaintiff, the false and malicious words following, to-wit: "That he (plaintiff) was short in his (plaintiff's) accounts in the sum of $515.00. Meaning thereby to falsely and maliciously charge the plaintiff with having stolen and embezzled from defendant the sum of $515.00." There are two other causes of action alleged; but this one is sufficient to present the questions herein involved. Defendant answered admitting the residence of plaintiff, denying on information and belief that he enjoyed the business confidence of the community; admitted that on or about the time alleged, he stated to plaintiff, and possibly to others, that plaintiff was short in his accounts with defendant; but denied that he ever, at any time stated to any person or persons that plaintiff was short in the sum of $515.00, and denied that any statement made by him concerning plaintiff's accounts was false or malicious, but avers that plaintiff was at the time defendant made the statement, and still is, short in his accounts with defendant. As a further defense, defendant alleged that during the absence of defendant from the city of Telluride he left plaintiff in charge of his drug and jewelry store, during which time plaintiff converted to his own use certain articles, and wholly failed either to pay for or to charge them to his own account, on the books of defendant, or in any way to account for their value,—the value of these articles being a part and parcel of the alleged shortage. That on or about April 5, 1913, plaintiff, with the authority and consent of defendant, loaned $10.00 to one L. C. Bailey from defendant's cash drawer, which amount was duly charged on defendant's books to Bailey; that thereafter, as defendant is informed and verily believes, plaintiff falsely represented to Bailey, that defendant had either charged him, plaintiff, with the money, or was holding him personally responsible for it, and by virtue of such false representa-

tion secured the payment of the amount from Bailey to plaintiff, who converted it to his own use; which $10.00 constitutes a part and parcel of the alleged shortage. The answer contains further allegations of defensive matter which our disposition of the case makes it unnecessary to consider. A reply was filed denying the allegations of new matter. After the issues were joined, defendant presented what is denominated a motion for judgment on the pleadings upon the grounds:

I.

"Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against the defendant," and under subheadings a, b, c, d and e, sets out the specific reasons.

II.

"Plaintiff's complaint fails to state a cause of action against the defendant, in that the words alleged to have been slanderously used by the defendant are not actionable *per se*:    *    *    *."

This motion was sustained and judgment of dismissal of plaintiff's case duly entered by the court. Plaintiff brings the case here on error.

GARRIGUES, J., after stating the facts as above:

Numerous questions are presented and argued in the briefs, two of which only, will be considered.

1. The ruling of the court in sustaining defendant's motion for judgment on the pleadings was erroneous, for the reason that the document filed under the name of a "Motion for judgment on the pleadings," was a general demurrer to the complaint. We have often held that the right to cure a defective complaint, if any defect exists, by amendment cannot be cut off by converting a motion of this kind into a general demurrer. Such a motion by defendant could not take the place of a general demurrer to the complaint.—*Roberts v. C. S. & I. Ry. Co.*, 45 Colo.

189, 101 Pac. 59; *Shuler v. Allam,* 45 Colo. 372, 376, 101 Pac. 350, and cases cited; *Whitehead v. Johnson,* 51 Colo. 139, 119 Pac. 472; *Eppich v. Blanchard,* 58 Colo. 139, 143 Pac. 1035.

2. The principal question presented by the record is as to whether the words, "Short in his accounts," spoken of a clerical employe, are actionable *per se.* Defendant in error in discussing the subject claims the gist of the action is based upon the word "short," and proceeds to argue that such word is not actionable *per se.* No one would seriously contend that saying of another he was short, would be actionable *per se;* but for an employer to say of his clerk that he was "short in his accounts," is quite another matter. The words must be taken and considered in their commonly accepted meaning; and there is no doubt that people generally would understand that the person to whom they were applied was guilty of wrongfully converting to his own use the funds or property of his employer. Taking this view, we must hold that used as they are charged to have been in this complaint, the words are actionable *per se.* In *Sunley v. Insurance Co.,* 132 Ia. 123, 109 N. W. 463, 12 L. R. A. (N. S.) 91, it is said in substance that the statement that an employe is "short in his accounts," charges him with a criminal act, but if this were not so, it imputes to him dishonesty and unfaithfulness and is actionable *per se.*

It would have been error to have granted a motion by defendant for judgment on the pleadings. We have held where issue has been joined by the filing of a complaint, answer and replication, and defendant then moves for judgment on the pleadings, the motion should not be granted unless the pleadings are not sufficient to sustain a different judgment notwithstanding any evidence which might be produced. The pleadings in such a case must show that in no event can plaintiff recover.—*Rice v.*

*Bush,* 16 Colo. 489, 27 Pac. 720; *Mills v. Hart,* 24 Colo. 507, 52 Pac. 680, 65 Am. St. Rep. 241; *Roberts v. C. S. & I. Ry. Co.,* 45 Colo. 188, 101 Pac. 59; *Larimer & Weld Co. v. Ft. Collins Co.,* 60 Colo. 241, 152 Pac. 1160; *Stuart v. Colo. Eastern Co.,* 61 Colo. 58, 156 Pac. 152; *Wallace v. Collier,* 59 Colo. 148, 147 Pac. 660.

The judgment will be reversed and the cause remanded with directions to permit the parties to amend their pleadings as they may be advised.

*Reversed and remanded.*

Mr. Justice White and Mr. Justice Scott concur.