### R. Maynard Ely *vs*. Lawrence Mason.

Third Judicial District, Bridgeport, October Term, 1921.
Wheeler, C. J., Beach, Gager, Curtis and Burpee, Js.

Under a general denial in an action for slander or libel, the defendant may show that a defamatory communication was privileged.

A privileged communication, in this connection, is a defamatory communication made on an occasion of privilege, without actual malice.

If a defamatory communication is made on an occasion of privilege, this rebuts the malice which the law implies from the making of such a communication, and the plaintiff in order to recover must show that the defendant was actuated by actual malice. Such malice is not necessarily to be proven by extrinsic evidence, but the trier may consider the defamatory communication itself and the circumstances leading up to and surrounding its making.

A communication made by one in a matter in which his own interest is concerned and made in the legitimate conduct of his own affairs, is made on an occasion of privilege.

Whether defamatory communications were made on an occasion of privilege because made in order to protect the defendant's interests, is a question of law.

It is not essential in order to invoke the protection of a privileged communication, that the defendant should have had what might seem to the trier to be good grounds or reasonable grounds for believing that the statements made by him were true; it is enough if he honestly believed them to be true, and made them in good faith on an occasion of privilege to discharge a duty or protect his interest.

The defendant honestly believed that the plaintiff, the wife of his land-

Ely *v*. Mason.

lord, had been stealing articles of personal property from him, and accused her of so doing to her husband, in making claim upon the latter for indemnity. *Held* that the communication was made on an occasion of privilege in order to protect the defendant's own interests.

Repetitions of defamatory statements are admissible as tending to prove actual malice.

In order to establish an occasion of privilege, the defendant is not required to prove that he honestly believed the statements he made to be true, and that he made them in good faith, for in proving merely an occasion of privilege these facts are assumed.

Error was assigned because the plaintiff was not allowed to cross-examine the defendant as to whether he had told his belief that the plaintiff stole the missing articles to anyone except the plaintiff's husband. *Held* that as the defendant was here attempting to prove merely an occasion of privilege, and as it did not appear whether the defendant on his direct examination had offered evidence to disprove actual malice, it was, under the circumstances, a matter within the discretion of the trial court whether at this stage of the case such cross-examination should be permitted, and that there had been no abuse of such discretion.

Argued October 25th—decided November 30th, 1921.

ACTION to recover damages for alleged libel and slander, brought to and tried by the Superior Court in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*Albert McC. Mathewson,* for the appellant (plaintiff).

*Frederick H. Wiggin,* for the appellee (defendant).

CURTIS, J. This is an action for slander and libel. The defendant pleaded a general denial, and under that plea claimed that the words uttered by him were a privileged communication. There is no controversy that the words uttered were actionable *per se*, as they charged the plaintiff with larceny.

The first question that presents itself for decision on this appeal is whether the plaintiff's request for a

correction of the finding should be granted. An examination of the finding and the evidence presented in the case, discloses that the changes sought by the plaintiff are based on the claim that under conflicting evidence the court should have found certain subordinate facts in accord with the way the plaintiff claims the evidence supports, rather than in the way the court finds that the evidence supports. It was within the province of the trial court to determine what credit and weight should be attached to the evidence presented and to determine the facts. The requests of the plaintiff for a correction of the finding are denied.

The claim made in the fifth and sixth reasons of appeal, to the effect that under a general denial the claim that a defamatory communication was a privileged communication could not be made, is abandoned in view of our law as set forth in *Atwater* v. *Morning News Co.*, 67 Conn. 504, 34 Atl. 865, and in *Anderson* v. *Cowles*, 72 Conn. 335, 44 Atl. 477.

Apart from the questions as to rulings upon the admission of evidence, to be considered later, the fundamental error claimed by the plaintiff is that under the facts found the court erred in holding that the defamatory statements about the plaintiff made by the defendant were privileged communications. The facts as found by the court are, in brief, as follows: from February 1st, 1917, until about March 1st, 1920, the defendant, as a lessee of the plaintiff's husband, was a tenant of several adjoining rooms in the home of the plaintiff and her husband. These rooms the defendant kept locked when he was absent. The plaintiff and her husband had a key to the rooms to use in the daily household work of caring for them. This housework was done by the plaintiff. No one occupied the premises except the defendant, the plaintiff, her husband and their minor child. During the winter of 1918 and

1919 the defendant, on several occasions, missed money from a wallet left in his clothing in his rooms while he was absent, and thereafter, on different occasions, he missed various articles as shirts, collars, handkerchiefs, stamps and other articles which he kept in his rooms. During this period the plaintiff cared for his rooms and had access to them. During the latter portion of the defendant's occupation of these rooms the plaintiff kept a colored maid for several weeks, who assisted in the housework. The losses of the defendant began many months before this maid was employed.

The defendant usually paid his rent on or about the first day of the month. On February 1st, 1920, he postponed paying his rent until he could talk with his landlord, the plaintiff's husband, about his various losses. The defendant made a memorandum of such articles as he believed had been stolen from him, and on February 22d, 1920, he invited the plaintiff's husband to his rooms and informed him of his losses and showed him his memorandum, which was headed "Stolen." The husband asked the defendant whom he considered responsible, and the defendant replied that there could be only one person responsible and that was the plaintiff, as she had sole access to his rooms, but that he made no charge against her and proposed to make no charge. The defendant requested the husband, as his landlord, to indemnify him for his losses. On the following evening the plaintiff and her husband called on the defendant in his rooms, and the husband asked the defendant whether he suspected that the plaintiff had taken the missing articles, and the defendant replied that he did. The defendant at all times entertained an honest belief that his property had been taken or destroyed by the plaintiff, and at no time was he actuated or influenced by any improper motive or by any ill-will or ill-feeling toward the plain-

tiff.   The plaintiff failed to prove that in making any of the aforesaid statements the defendant was actuated by actual malice or malice in fact.

The publication of defamatory matter was admitted on the trial and no justification was pleaded, that is, there was no answer by the defendant alleging the truth of the defamatory matter.   Under this state of the case malice was the only issue, and the question of privileged communication is involved in that issue. *Atwater* v. *Morning News Co.*, 67 Conn. 504, 34 Atl. 865.

A privileged communication in this connection means, in the first place, a defamatory statement made on what is known in law as an occasion of privilege.   If the communication was made on an occasion of privilege, this rebuts the malice which the law implies from the making of a defamatory communication, and the plaintiff must show that the defendant was actuated by actual malice in order to recover.   Actual malice is not necessarily to be proven by extrinsic evidence. The defamatory communication made and the circumstances leading up to and surrounding the making are to be considered by the trier in determining this question.   *Flanagan* v. *McLane*, 87 Conn. 220, 222, 87 Atl. 727, 88 id. 96.   A privileged communication is a defamatory communication made on what is called an occasion of privilege, without actual malice.   The court has found that the defamatory communication as to the plaintiff made by the defendant was made without actual malice, therefore the only question for discussion as to this feature of the case is whether, under the facts found, the communication was made upon an occasion of privilege.   The defendant claims that under the facts found the occasion when the defamatory communications were made was an occasion of privilege because the defendant was making the communication in order to protect his own interests.

The defendant claimed that under the facts found it appeared that he had lost personal property from his rooms and believed that it had been stolen, and therefore had an interest in recovering the articles, in receiving compensation for his loss, and in preventing further pilfering from his rooms; and in order to protect his interest he communicated the fact of his losses to his landlord, the plaintiff's husband, and also stated his belief as to who had stolen his property. The duty of the trial court was to say whether the occasion of the communication as disclosed by the evidence, assuming that the defendant believed the communication to be true and made the communication in good faith, was in law a proper occasion to make the communication in order to protect his own interest. *Gassett* v. *Gilbert*, 72 Mass. (6 Gray) 94, 97; *Somerville* v. *Hawkins*, 10 C. B. 583, 588. (The latter case is an instructive case as to when a nonsuit should be denied or granted when the plaintiff's evidence discloses an occasion of privilege.)

It is our duty to say whether, on the facts found, the trial court properly ruled as a matter of law that the defamatory communications were made on an occasion of privilege because made in order to protect the defendant's interests, assuming that the defendant believed them to be true and made the communications in good faith, that is, without actual malice. Bigelow on Torts (8th Ed.) 316, 317. That the defamatory communication, under the facts found and the above assumptions, was made in protection of the defendant's interests is obvious. In *Fowler* v. *Homer*, 3 Camp. 294, it was held, in effect, that it was an occasion of privilege when a man whose property had been stolen and who believed an innocent woman had taken it, charged her with taking it in her husband's presence. A communication made by one in a matter in which his own

interest is concerned and made in the legitimate con-
duct of his own affairs, is made on an occasion of
privilege. *Toogood* v. *Spyring*, 1 Cr. M. & R. 181, 193;
*Flanagan* v. *McLane*, 87 Conn. 220, 87 Atl. 727, 88
id. 96; *Amann* v. *Damm*, 8 C. B. N. S. 597; *Swan* v.
*Tappan*, 59 Mass. (5 Cush.) 104; *Gassett* v. *Gilbert*,
72 Mass. (6 Gray) 94, 97. The court, under the facts
found, properly held as a matter of law that the com-
munication in question was made on an occasion of
privilege.

As the defamatory statements were made on an
occasion of privilege, the burden rested upon the
plaintiff to prove actual malice or malice in fact, in
order to recover. The court has found that the plain-
tiff has failed to establish malice in fact. The plaintiff
seems to claim in her brief, that the court, by failing
to find specifically that the defendant had reasonable
ground to believe his defamatory communications to
be true, has failed to find a subordinate fact essential
to support the ultimate fact found, that the com-
munications were privileged and hence not actionable,
and thereby erred. We held, in effect, in *Barry* v.
*McCollom*, 81 Conn. 293, 70 Atl. 1035, that "it is not
essential, in order to invoke the protection of a privi-
leged communication, that the defendant should have
had what might seem to the jury to be 'good reasons'
or 'reasonable grounds' for believing that the state-
ments made by him were true; it is enough if he honestly
believed them to be true and made them in good
faith," on an occasion of privilege to discharge a duty
or protect his interest. This suggestion of a claim of
error is not tenable.

The tenth reason of appeal is that the court erred
in the ruling upon the admission of evidence as set
forth below: Defendant having testified in chief
that he had prepared the paper, Exhibit A, for his

own information and use, and that he had handed it to plaintiff's husband at the request of the husband in order that the latter might inquire of his wife concerning the articles referred to, he was inquired of on cross-examination as to whether he then believed and had continued to believe that the plaintiff stole the missing articles, he replied in the affirmative. The cross-examination was then continued as follows: "(Q) Have you told anybody else you believed it, other than Andrew Ely?" To this question the defendant objected. The plaintiff claimed it for the purpose of showing malice. The court excluded it and an exception was taken. The Exhibit A referred to was the list, which the defendant had made of articles missed from his rooms, and headed "Stolen." That repetitions of defamatory statements are admissible as tending to prove actual malice, cannot be questioned. Newell on Slander & Libel (3d Ed.) § 404 *et seq.* This ruling was not made on an occasion where the plaintiff was offering evidence of such repetitions. According to the excerpt, the defendant was being cross-examined after testifying in chief; in such testimony he was seeking to prove an occasion of privilege, his belief in the truth of his statements and his good faith being then assumed. In order to establish an occasion of privilege the defendant was not required to prove that he honestly believed the statements to be true and made them in good faith. In proving merely an occasion of privilege those facts are assumed. Bigelow on Torts (8th Ed.) 316, 317; *Gassett* v. *Gilbert*, 72 Mass. (6 Gray) 94, 97. It does not appear from the excerpt that the defendant on his direct-examination in chief, in addition to attempting to prove an occasion of privilege had also offered evidence that he honestly believed that the plaintiff stole the articles, in order to disprove actual

malice. The plaintiff in her cross-examination brought out this belief. The mere fact that the defendant had prepared a list of the articles that he claimed were stolen from him, for his own use and had handed it to the plaintiff's husband to use in inquiries to be made of his wife, did not necessarily subject him to cross-examination as to whether he believed that the plaintiff stole the articles. Under the circumstances we are of the opinion that it was a matter within the discretion of the court whether at that stage of the case to permit a cross-examination as to his belief in the truth of his communication, and if permitted, to determine to what extent to let it proceed. There was no abuse of discretion by the trial court. There was no error upon this reason of appeal.

The remaining reasons of appeal are either not based upon any rulings appearing on the record, or are or have become so inconsequential in view of the disposition of the appeal as not to justify discussion.

There is no error.

In this opinion the other judges concurred.