## MARY CARR v. CLEMENT C. HOLBROOK

SUPERIOR COURT      LITCHFIELD COUNTY      FILE NO. 12045

Memorandum filed July 27, 1948.

*Schaefer & Ells,* of Winsted, for the Plaintiff.

*Harry Ossen* and *Wall & Wall,* of Torrington, for the Defendant.

MURPHY, J. The complaint is in two counts. In the first count the plaintiff alleges slander of her by the defendant in a telephone conversation with a newspaper reporter. Publication of the remarks in the newspaper by which the reporter is employed is the basis of the second count in libel.

Damages in actions for libel are governed by General Statutes, § 5668. The plaintiff has failed to prove either malice in fact or that the defendant, after having been requested by the plaintiff in writing to retract the charge, failed to do so. Special damages were not alleged. She, therefore, cannot recover on that count.

The defendant has pleaded "privilege" and "truth" of the statements which he has admitted making. He was and is the secretary of the board of education in Torrington. The plaintiff was the principal of the East School. At the meeting of the board on February 10, 1947, it was voted not to renew her contract upon the recommendation of the superintendent of schools. Thereafter the plaintiff, and others acting in her behalf, agitated for a hearing on the reasons for the action. On May 19, 1947, a reporter for a Sunday paper phoned the defendant and asked questions of him in his official capacity. Responding thereto, the defendant made the characterizations of the plaintiff which she considers slanderous.

The defendant was speaking on an occasion of qualified privilege and the communication was therefore privileged. *Newell,* Slander and Libel (4th Ed.) p. 415. *O'Connor* v. *Sill,* 60 Mich. 175; *Flanagan* v. *McLane,* 87 Conn. 220, 222. The defendant was not actuated by an improper or unjustifiable motive (*Corsello* v. *Emerson Bros., Inc.,* 106 Conn. 127, 132), but made the statements honestly believing them to be true and in good faith (*Ely* v. *Mason,* 97 Conn. 38, 44). The plaintiff has failed to establish malice in fact. Also, from the information which the defendant possessed and the facts that had been presented to the board, he was justified in making the statements.

Judgment for the defendant to recover his costs.