[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Jane Doe, proceeding under a fictitious name by agreement of the parties, has filed this lawsuit for money damages against the defendant Francis Hartnett, Jr. The plaintiff alleges that she was the victim of a sexual assault by a stranger in her home on September 11, 1993. During the course of the subsequent police investigation, the defendant, a distant acquaintance of the plaintiff, had occasion to encounter an officer from the Waterbury Police Department at a social CT Page 5914 occasion. At that time, the defendant told the officer that he had heard that no such sexual assault had occurred, that the plaintiff had fabricated the account. In a subsequent interview with two other Waterbury detectives, the defendant repeated the statement that the plaintiff had fabricated the account of her sexual assault and added that she had done so to cover up an extra-marital affair that she was having.
The plaintiff claims that when she learned of the defendant's statements, she suffered emotional distress. She now brings this two count complaint against the defendant for money damages. In the First Count, the plaintiff alleges that the conduct of the defendant constituted the tort of intentional infliction of emotional distress. In the Second Count, the plaintiff alleges that the conduct of the defendant constitutes the tort of invasion of privacy by placing the plaintiff in a false light.
The defendant has moved for summary judgment. As to the First Count, the defendant asserts that the conduct of the defendant in making statements to the police during a police investigation cannot, as a matter of law, constitute intentional infliction of emotional distress. As to the Second Count, the defendant asserts that there was insufficient publication of the statements to constitute the tort of "false light" invasion of privacy.
THE STANDARDS FOR SUMMARY JUDGMENT
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material fact, such that he is entitled, under principles of substantive law, to a judgment as a matter of law. Id.
In ruling on a motion for summary judgment, the court's function is not to decide the issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). Summary judgment is appropriate only if a fair and reasonable person could conclude only one way, based on the substantive law and the undisputed material facts. Miller v. United TechnologiesCorp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
There are four elements that must be established for a finding of intentional infliction of emotional distress: (1) that the defendant intended to inflict emotional distress, or that he knew or should have CT Page 5915 known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct of the defendant was the cause of any distress experienced by the plaintiff, and (4) that the emotional distress sustained by the plaintiff was severe.Petyan v. Ellis, 200 Conn. 243, 253-54 (1986). In order to be considered extreme and outrageous, the conduct of which the plaintiff complains must be found to exceed all bounds usually tolerated by decent society, of a nature which is especially calculated to cause and does cause mental distress of a very serious kind. Id.
The plaintiff in her submissions has presented, among other documents, her own affidavit and a copy of the deposition testimony of the defendant. Viewed in the light most favorable to her, these documents can be read to establish the requisite elements of the tort of intentional infliction of emotional distress. The plaintiffs affidavit establishes that, as a result of the defendant's conduct, the police investigation shifted its focus from finding a suspect in the sexual assault to questioning the plaintiff about her own activities and character. The police confronted the plaintiff with the report that she had made up the crime to cover up an extramarital affair. The plaintiff avers in her affidavit that this left her "a trembling, emotional wreck." She avers that she has always been faithful to her husband and that the effect of the defendant's conduct was to accuse her not only of engaging in adultery, but also of filing a false police report. She states that she has been "devastated emotionally," and that she has had to undergo psychological counseling as a result. These sworn statements are sufficient to prove the last two elements of the tort: that the conduct of the defendant was the cause of any distress experienced by the plaintiff, and that the emotional distress sustained by the plaintiff was severe.
The plaintiff has submitted evidence to satisfy the second element, that the conduct was extreme and outrageous. Portions of the defendant's deposition establish that he was not initially approached by the police as part of their investigation, that he had no particular knowledge of the plaintiff, her family, or her circumstances, that he did not himself believe what he was saying to police but only advanced it as a possible theory of the incident, and that he expected the police to put the information to use, and that he did not care if the plaintiff found out about the information he had given the police. While it is up to the trier of fact to ultimately evaluate whether this conduct amounts to extreme and outrageous conduct, the court cannot say as a matter of law that it fails to meets the definition. Rather a jury could certainly conclude that taking a rumor or theory, and reporting it to the police as a fact, especially given the circumstances here, constitutes conduct that is sufficiently extreme and outrageous to satisfy the second element of CT Page 5916 the tort.
As to the first element, that the defendant intended to inflict emotional distress, or that he knew or should have known that emotional distress was the likely result of his conduct, this is largely a matter of inference. In ruling on a matter in summary judgment, the court may consider not only the facts presented by the parties' affidavits and exhibits, but also "the inferences which could be reasonably and logically drawn from them. . . ." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 381, 260 A.2d 596 (1969). The competing inferences that can be drawn from the submissions of the parties are either that it is reasonable to draw the inference that the defendant should have known that emotional distress was the likely result of his conduct, or that this is not a reasonable inference. Usually a question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment. Picataggio v. Romeo, 36 Conn. App. 791,794, 654 A.2d 382 (1995); see also, Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 111, 639 A.2d 507 (1994). Since it is the function of the court only to decide whether the parties have submitted sufficient admissible information to place material facts in dispute, and not to decide those facts, the court has no trouble here in determining that the plaintiff has met that burden on the first element of the tort of intentional infliction of emotional distress.
The plaintiff has made the necessary showing, through her submissions, of disputed facts on the First Count of her complaint sufficient to present the issue to the trier of fact, the jury.
THE SPECIAL DEFENSE OF QUALIFIED PRIVILEGE
As an alternate basis for granting summary judgment, the defendant has submitted papers in support of his special defense of qualified privilege: that because the defendant made his statements only to police officers in the course of an ongoing police investigation, he is entitled to protection from suit and should be entitled to summary judgment.
A qualified or conditional privilege arises out of an "occasion," such as when one acts in the bona fide discharge of a public or private duty.Flanagan v. McLane, 87 Conn. 220, 221-22, 88 A. 96 (1913). The defendant must sufficiently prove five prerequisites in order to establish the defense of the conditional or qualified privilege claimed by him. The essential elements are (1) an interest to be upheld, (2) a statement limited in its scope to this purpose, (3) good faith, (4) a proper occasion, and (5) a publication in a proper manner to proper parties only. See generally Charles Parker Co. v. Silver City Crystal Co.,142 Conn. 605, 615, 116 A.2d 440 (1955); Miles v. Perry, 11 Conn. App. 584, CT Page 5917 595, 529 A.2d 199 (1987).
It is for the court to determine, as a matter of law, whether the defendant made the statements while acting on an occasion of privilege, as in the bona fide discharge of a public or private duty. Charles ParkerCo. v. Silver City Crystal Co., supra, 616; Flanagan v. McLane, supra, 222. It is a question of fact for a court or a jury, however, to determine whether the defendant has abused a conditional privilege. Id. A conditional or qualified privilege may be abused or lost if the defendant published his statements with malice, improper motive, or bad faith.Atwater v. Morning News Co., 67 Conn. 504, 513, 34 A. 865 (1896). Therefore, a conditional privilege may be recognized only where the statement is made in good faith, without malice, in an honest belief in the truth of the statement, and in discharge of a public or private duty. Charles Parker Co. v. Silver City Crystal Co., supra; Miles v.Perry, supra, 610, n. 8.
Even if the court were to find in this case that the defendant made the statements pursuant to a qualified privilege, the facts are still disputed as to whether he made the statements in good faith" given his admission that he did not really believe what he was saying to be true. Because the question of whether the defendant abused the privilege is one that can only be resolved by the trier of fact, the defendant is not entitled to summary judgment pursuant to his special defense.
"FALSE LIGHT" INVASION OF PRIVACY
In the Second Count, the plaintiff alleges that the defendant's statements to the police constitute false light invasion of privacy, defined as "publicity that unreasonably places the other in a false light before the public." Restatement (Second), Torts, § 652A; Goodrich v.Waterbury Republican-American, Inc., 188 Conn. 107, 128, 448 A.2d 1317
(1982). The elements of this tort in Connecticut include the requirement that "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Restatement (Second), Torts, § 652E; Goodrich v. Waterbury Republican-American,Inc., supra, 131. Moreover, the essence of such a claim is that the published matter be both untrue and such a "major misrepresentation of [the plaintiffs] character, history, activities or beliefs that serious offense may reasonably be expected to be taken" by a reasonable person under the circumstances. Id.
Were these the only elements of the tort, the court would find that the plaintiff had succeeded in presenting sufficient material facts in dispute CT Page 5918 that this count would survive summary judgment, consistent with the court's earlier analysis concerning intentional infliction of emotional distress.
However there is one remaining element of the tort: that the conduct of the defendant include giving "publicity" to the statements. The defendant argues that this means that there must be dissemination of the statement to so many persons as to amount to the public at large. The Restatement (Second), Torts, § 652E, refers to § 652D, comment a, for the definition of publicity." The latter section defines it to mean that "the matter is made public, by communicating it to the public at large, or to so many other persons that the matter must be regarded as substantially certain to become one of public knowledge." Id. The comment distinguishes a fact communicated to the public at large from one communicated to a single persons or even to a small group of persons. Id. This definition has been widely adopted in the jurisdictions that recognize false light invasion of privacy claims. See, e.g., Moore v. Big Picture Co.,828 F.2d 270, 273 (C.A.5 1987); Frobose v. American Savings and LoanAssociation of Danville, 152 F.3d 602, 617-18 (C.A.7 1998); Stewart v.Pantry, Inc., 715 F. Sup. 1361, 1369 (W.D.Ky. 1998); Green v. City ofWichita, Kansas, 47 F. Sup.2d 1273, 1279 (D. Kan. 1999); Curran v.Children's Service Center, 396 Pa. Super. 29, 518 A.2d 8, 12-13, app. den., 526 Pa. 648, 585 A.2d 468 (1991); cf., Diamond Shamrock Refiningv. Mendez, 809 S.W.2d 514, 517, aff'd in part, rev'd in part,844 S.W.2d 198 (Tex. 1992). To the extent this element has been construed in Connecticut, Connecticut law corresponds to the majority view: the communication must be published to more than a mere handful of individuals. See, e.g., Grossman v. Computer Curriculum Corp.,131 F. Sup.2d 299, 311-312 (D.Conn. 2000).[1]
The exhibits fail to establish that the defendant communicated his statements to any but three persons. Although the plaintiff states that she suspects that others may know of his statements, or that she suspects that the communication thereafter may have been communicated to others, she presents no evidence of that. She also states that the fact that the police detectives recorded this information in a written report means that it is likely that the report would be subject to public disclosure, yet she cites no authority whatsoever that such a report is a public record. Finally she claims that in the future, the defendant's statements might find their way into the public eye, if, for example, a criminal charge is brought against a suspect or if her own civil lawsuit comes to the attention of others. But under such circumstances the information would be cloaked with the absolute privilege afforded to statements published in a judicial proceeding. In any event, such speculative future occurrences cannot form the basis of the plaintiffs current cause of action. CT Page 5919
It is an undisputed fact that only three persons received the defendant's communications. The defendant is entitled to summary judgment on this count.
CONCLUSION
The court denies summary judgment on the First Count. The court grants summary judgment for the defendant on the Second Count.
_____________________________ Patty Jenkins Pittman, Judge