### KELLEY *v.* PAULSEN.

1. EVIDENCE—IMMATERIALITY—SLANDER.
   Testimony, on cross-examination of defendant's witness, in an action for slander, elicited by an immaterial question and not prejudicial, is not a ground for reversal.

2. SAME.
   No error was committed in refusing to permit the defendant to explain why he had asked plaintiff to get his name off a certain note; the subject being immaterial.

3. SAME—CROSS-EXAMINATION.
   It was proper to permit the inquiry, on cross-examination, as to defendant's understanding of, and his intent in using, the words "take" and "steal."

4. SAME—LIBEL—SUBSEQUENT WRONGFUL ACTS.
   Slanderous utterances made subsequent to the time declared and relied on are inadmissible to prove the slander charged, although they are competent evidence of malice.

5. LIBEL AND SLANDER—ADVICE OF PROSECUTOR—TRUTHFULNESS
OF STATEMENT.

In an action for slander and malicious prosecution, the question of the fairness and truthfulness of defendant's statement to the prosecutor being in issue, it was not error to refuse to direct a verdict for defendant on the ground that he acted on the advice of the prosecutor.

Error to Montcalm; Sessions, J. Submitted April 8, 1910. (Docket No. 47.) Decided July 14, 1910.

Case by Ernest Kelley against Brede Paulsen for slander. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*R. A. Hawley,* for appellant.

*J. C. Youdan* (*N. O. Griswold,* of counsel), for appellee.

BLAIR, J. This is an action on the case to recover damages for alleged slander and malicious prosecution. The basis of the count for slander is the publishing, on the 18th day of March, 1907,—

"To, of and concerning the said plaintiff these false, scandalous and defamatory words, to wit: 'You (meaning the said plaintiff) stole the clover seed, and you know you did, and the bridles, too.'"

The plaintiff's testimony tended to prove the uttering of the slanderous words and repetitions at subsequent dates. The basis of the count for malicious prosecution was a criminal prosecution of the plaintiff for the larceny of the clover seed and bridles, resulting in the dismissal of the case for some technical defect in the complaint.

Defendant gave notice, under his plea of the general issue, as to the slander count, that he would prove the truth of the alleged slanderous charge, and that as to the count for malicious prosecution he laid all the facts of the case within his knowledge before the prosecuting attorney and justice of the peace and acted in good faith under their advice. The jury returned the following verdict:

"We have found the defendant guilty in the first part of that count, slander, and place the damages at $325. We were not sure whether that was for expenses or some other part. And $125 making a total of $450. In the malicious prosecution we find him guilty. One part of that we didn't understand—whether damages went with that part or not; whether there should be any damages assessed to that part."

After retiring again under the direction of the court, the jury brought in the verdict upon which judgment was entered, as follows:

"*The Court:* What is your verdict?
"*Juror:* The first part the same as before, $450 damages in the slander case, $325 for the feelings and $125 for other injuries. The malicious prosecution we find him guilty, and damages $1.00, total, $451."

Defendant seeks a reversal of the judgment on account of alleged errors in the rulings upon the admissibility of testimony and in the charge of the court. There was a sharp conflict in the testimony as to most of the material questions of fact.

The second assignment of error relates to a question asked a witness for defendant, who testified that defendant told him that he was not going to rent his barn basement to him any more for storage purposes, because he lost property by renting it. The question objected to was:

"Were you surprised that he should make the statement that he would not rent the basement any more because men stole?"

Conceding that the question was immaterial, the answer was not so prejudicial as to call for a reversal of the case.

The third, fourth, and fifth assignments of error relate to the refusal of the court to permit the defendant to explain his reasons for asking the plaintiff to get his (defendant's) name off a certain note. The whole subject was immaterial, and there was no error in refusing to permit further inquiry into it.

The sixth and seventh assignments of error relate to questions put to defendant on cross-examination, as to whether he had not testified on a previous trial that there was no difference in the two words "take" and "steal," so far as he knew, and, "You don't claim now he did steal it, do you?" The answer to the last question was: "I claim I am satisfied he took it." Defendant was insisting that he did not use the word "steal," and we think the questions were properly allowed.

Error is assigned upon the following instruction to the jury:

"There has been some testimony in this case concerning the utterance of slanderous words by the defendant of and concerning the plaintiff at other times and upon other occasions. The plaintiff cannot recover in this case because of the utterance of any other words than those which he alleges were uttered on the 18th day of March and upon that occasion at the potato warehouse. You have the right, however, to take into consideration any other statements of a like nature that were made upon other occasions and at other times by the defendant of and concerning the plaintiff, if you find any were made, as bearing upon the probability or improbability of the defendant having uttered the words alleged in the declaration upon the 18th day of March, and also as bearing upon the question of the malice of the defendant in uttering those words."

We are of the opinion that this assignment is well founded, and that the circuit judge erred in permitting the jury to consider the subsequent repetitions of the slanderous words as substantive proof of the utterance of those words at the times charged in the declaration. Repetitions of the slanderous charge at other times are only admissible as bearing upon the question of malice. *Botsford* v. *Chase*, 108 Mich. 432 (66 N. W. 325); *Ellis* v. *Whitehead*, 95 Mich. 105 (54 N. W. 752); 8 Enc. of Evidence, p. 296, D.

The court did not err in refusing to direct a verdict in favor of defendant upon the ground that he had acted upon the advice of the prosecuting attorney and magistrate after

fully and fairly stating the facts within his knowledge. There was a sharp issue of fact as to whether defendant made a truthful statement of the facts. Among other things, he told the prosecuting attorney that Kelley admitted taking the clover seed. Kelley denied making any such admission, but, on the contrary, testified that he denied taking the clover seed.

The judgment is reversed, and a new trial granted.

OSTRANDER, HOOKER, MOORE, and STONE, JJ., concurred.