[L. A. No. 4521. Department One.—November 14, 1918.]

## P. I. BIRD, Respondent, v. BERTHA HUBER, Appellant.

LIBEL—EVIDENCE—ERRONEOUS ADMISSION OF LETTER.—In an action for damages for libel based upon certain alleged false and defamatory statements contained in letters referred to in the complaint, in which action the evidence was conflicting, it was prejudicial error to admit in evidence on the offer of the plaintiff a letter defamatory of the plaintiff to which no reference was made in the complaint, it being admitted not to show malice, but a course of conduct on the part of the defendant.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge. Reversed.

The facts are stated in the opinion of the court.

B. E. Tarver, for Appellant.

Clyde Bishop, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Plaintiff, alleging that defendant had by means of letters delivered to another per-

son written and published false and defamatory statements concerning him, brought this action for damages.

The case was tried by the court without a jury, which, findings being waived, gave judgment in favor of the plaintiff, from which, after the denial of her motion for a new trial, defendant appealed.

While in the complaint defendant was charged with writing and causing the delivery of several specific letters to as many different persons, all of which as to plaintiff were defamatory in character, no evidence was offered touching any of them other than one written to Mrs. Kaiser. As to this letter, a fourteen year old boy by the name of Dorsten testified that a woman, who at the time he did not know and had never seen, gave it to him, requesting that he deliver it to Mrs. Kaiser, which he did. Thereafter he, accompanied by a detective employed by plaintiff, saw defendant and identified her as the one who had given him the letter. Against this evidence was that of defendant, who, in the strongest and most direct terms, denied that she had ever written or in any manner published or put in circulation any of the letters in question. Upon this conflict of evidence the determination of the trial judge would be conclusive, except for the fact that the court erred in permitting plaintiff to introduce another letter, likewise as to plaintiff defamatory, and to which no reference was made in the complaint; the reason assigned for its admission and proof of its delivery being, as appears by the bill of exceptions, not to show malice, but "for the purpose of showing a course of conduct on the part of defendant," thus rendering it probable that she had committed the act with which she was charged. That the ruling was error admits of no question. And that it was prejudicial is equally clear, since in the mind of the court evidence of the delivery of this second letter, with the publication of which defendant was not charged, tended to corroborate the story of Dorsten and lend weight to his testimony, without which the court might very properly have entertained doubts as to the truth thereof. Especially is this so if Dorsten's testimony, on motion for new trial, be viewed in the light of his affidavit filed in support of such motion and wherein, after referring to his testimony, he stated: "But I now say that I do not know whether it was Miss Huber or not who gave me the letter; that I am not sure that it was her, and I would

not testify again that it was Miss Huber that gave me the said letter, because I am not sure it was her; that after said letter was given to me I did not see the person who gave me the letter any more, but that several months thereafter, when I was in company with Mrs. Firman, the detective, I saw Miss Huber and I told Mrs. Firman that Miss Huber gave me the letter; that before the trial of said case the plaintiff, Mr. Bird, gave me same fireworks and Mrs. Firman gave me some pieces of money.''

The judgment is reversed.

Richards, J., *pro tem.*, and Sloss, J., concurred.