**COMMONWEALTH OF PENNSYLVANIA ex rel. Earl F. PRATER**

**v.**

**David N. MYERS, Superintendent State Correctional Institution, Graterford, Pennsylvania.**

Misc. No. 2635.

United States District Court
E. D. Pennsylvania.

Jan. 15, 1964.

VAN DUSEN, District Judge.

In this case, which the court will treat as being before it on petition for habeas corpus, relator was, with aid of counsel, tried and found guilty in 1955 in the Quarter Sessions Court of Montgomery County, Pennsylvania, of the crimes of burglary, rape and sodomy.

Three contentions are raised:

(1) Relator's rights were violated prior to trial by the Lower Merion Police Force by illegal search and seizure.

(2) The trial court committed error in permitting evidence of prior, unrelated crimes; "See Notes of Trial Testimony pages 144, 151, 152, 153, 156, 157 all on cross-examination of defense and character witnesses by prosecuting attorney" (Document 1, 13th–14th pages).

(3) No transcript was made when certain physical exhibits were submitted to the jury which is alleged to have amount-

ed, in some unspecified way, to suppressing evidence favorable to relator.

■ This court cannot consider the first contention above because there is no showing that it was urged in the trial and appellate courts of the Commonwealth of Pennsylvania. See requirement that state remedies be exhausted in 28 U.S.C. § 2254.

■■ The second contention is no basis for the grant of a writ of habeas corpus because such trial error cannot be attacked collaterally by habeas corpus proceedings. The proper remedy for a defendant prejudiced by trial error is direct appeal. United States ex rel. Saunders v. Myers, 276 F.2d 790 at 791 (3rd Cir. 1960), and cases there cited. The case of United States ex rel. Scoleri v. Banmiller, 310 F.2d 720 (3rd Cir. 1962), is distinguishable. That case involved the death penalty and the admission of the defendant's prior criminal record without any relation to the cross-examination of defense character witnesses. In the instant case examination of the notes of testimony shows that reference to a prior offense of fornication and bastardy (at N.T. 144 his wife acknowledged such a conviction on cross-examination, after testifying to defendant's good general reputation on direct examination at N.T. 143) was made only on cross-examination of character witnesses called by the defendant.

■ The third contention is not stated with sufficient definiteness to be understood and, hence, does not comply with Local Rule 37(g). The Clerk is being asked to submit a copy of this Local Rule to relator.

■ Since no issues of fact are properly raised for the court's consideration, the petition to appoint counsel will be denied. United States ex rel. Robinson v. Myers, E.D.Pa., 1963, 222 F.Supp. 845, and cases there cited.

### ORDER

And now, January 15, 1964, upon consideration of the above-titled Petitions (Document 1) and Memorandum of Law (Document 1) in support thereof, it is ordered that relator's petition for appointment of counsel (Document 1) and Petition entitled "PETITION FOR WRIT OF CERTIORARI TO THE U. S. DISTRICT COURT OF PHILADELPHIA, PENNSYLVANIA" (Document 1) are denied, without prejudice.