**UNITED STATES of America,
Appellee,**

v.

**Daniel F. JOHNSON, Appellant.**

**No. 496, Docket 30220.**

United States Court of Appeals
Second Circuit.

Argued June 7, 1967.

Decided Aug. 11, 1967.

Carol Ryan, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Lars I. Kulleseid, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and Robert G. Morvillo, Asst. U. S. Atty., Southern District of New York, on the brief), for appellee.

Before MOORE, FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM:

The appellant Daniel F. Johnson was found guilty by a jury on two counts of an eight count indictment. Both of the counts charged him with theft of an interstate freight shipment of a value in excess of $100 in violation of 18 U.S.C. § 659. Judgments of conviction were entered against him and he has appealed.

There was evidence to prove the following facts. On August 14, 1964, Elijah Axson, a hand truck delivery man for the Courtney Trucking Company, was making a delivery of cartons of dresses on West 35th Street in Manhattan's "Garment District." Appellant, a former employee of Courtney's, came up behind Axson and said, "Do as I say and you won't get messed up, but if you don't, you will get messed up." Keeping his hand in his

pocket to simulate possession of a weapon, the appellant ordered Axson to pull the hand truck over to 34th Street and then walk back to the Courtney office. Axson did as ordered, and the appellant proceeded down 34th Street with the hand truck.

On the morning of December 4, 1964, the appellant confronted Courtney employees McConeyhead and Martinis who were pushing a hand truck along West 34th Street with a load of cartons of dresses. The appellant, again simulating possession of a weapon, said that "he was going to get even with Courtney." He ordered McConeyhead and Martinis into a hallway and whistled to another man, who came across the street and watched the two delivery men while the appellant took the loaded hand truck away. Later the appellant returned with the truck empty and ordered the delivery men not to leave for five minutes. He and his accomplice then departed.

Later in the morning of December 4th the appellant, at 1400 Broadway, held up yet another Courtney delivery man, Herman Fuentes, by again pretending to hold a weapon in his pocket and ordered Fuentes to surrender his loaded hand truck. When Fuentes did not respond promptly, the appellant hit him in the face, and Fuentes began to shout; a crowd gathered and the appellant fled.

The two counts upon which the appellant was convicted were based respectively on the theft from Axson and the theft from McConeyhead and Martinis. He was not indicted for any offense arising out of his confrontation with Fuentes, and he, therefore, argues that the trial judge committed error in admitting evidence of the Fuentes incident.

■ This court has recently reaffirmed its consistently held position that evidence of similar acts, including other crimes, is admissible for any relevant purpose other than merely to show defendant's bad character. United States v. Deaton, 381 F.2d 114 (2 Cir. 1967). Of course the trial judge should exclude such evidence if in the exercise of his discretion he finds that its probative value is outweighed by its prejudicial character. United States v. Deaton, supra. Here the evidence was offered and admitted for the limited purpose of showing appellant's criminal intent. Appellant now argues that there was no need for the Government to prove intent because the very acts themselves in the Axson and McConeyhead incidents established intent. But even when informed of the nature and purpose of the Fuentes testimony before it was admitted, the defendant did nothing to indicate that intent was not or would not be an issue in the case. The Government had the burden of proving the essential element of criminal intent beyond a reasonable doubt, United States v. Byrd, 352 F.2d 570 (2 Cir. 1965), and it should not, as the appellant appears to argue, be compelled in every case to wait and see whether the appellant would seek by proof to contest that issue.

The present case is distinguishable from *Byrd* because the evidence of the other crime in that case made such a microscopic contribution to the evidence of intent that this court felt that on retrial the district judge should give serious consideration to excluding it on the ground that the Government did not need on its case in chief a piece of proof of such small worth in proving intent but of prejudicial impact against the accused, when, if the defendant sought to disprove criminal intent, the Government could put it in on rebuttal for what it was worth. United States v. Bozza, 365 F.2d 206, 213 (2 Cir. 1966); United States v. Ross, 321 F.2d 61, 67 (2 Cir. 1963).

■ Here the proof of the Fuentes episode was of great probative value in showing intent in a pattern or scheme of systematically planned and practically identical criminal acts and in corroborating the identification of the appellant, which had been made by each of the victims of the separate counts. It also tended to corroborate Axson's testimony that the appellant intended to use physical abuse against him if he did not com-

ply with the appellant's unlawful demand.

The district court did not abuse its discretion in admitting the evidence. The judgments of conviction are affirmed.