**David WHEELER, Petitioner,**

v.

**C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–57–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

July 19, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding involved a petition for a writ of habeas corpus filed on June 5, 1968, *in forma pauperis* by David Wheeler, a prisoner of the State of Virginia, in accordance with 28 U.S.C.A. § 2241.

Petitioner is currently serving a ten (10) year prison sentence subsequent to his conviction on October 24, 1967, in the Hustings Court for the City of Roanoke, Virginia, for murder in the second degree.

Petitioner appealed his conviction to the Virginia Supreme Court of Appeals on the same grounds complained of in the petition now before this court. The

Virginia Supreme Court of Appeals denied the appeal and affirmed the judgment below. Petitioner has thus exhausted his state remedies in compliance with 28 U.S.C.A. § 2254 and is properly before the court. See Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

Petitioner was convicted for shooting and killing his girlfriend, Elnora M. Pulley. During the trial in the Roanoke City Hustings Court, the testimony of Mrs. Valdosta Carter was admitted over the objection of petitioner by counsel to the effect that petitioner, approximately one (1) week before the killing of Elnora M. Pulley, had approached the witness, Mrs. Valdosta Carter, mistakenly called her by the name of Elnora, and then shot at her, narrowly missing her body with the bullet. Mrs. Carter testified that petitioner was some distance away and had apparently mistaken her for Elnora, petitioner's girlfriend. The trial court admitted the evidence of the prior misconduct as being relevant to the question of motive or intent.

Petitioner's only complaint in this petition for habeas corpus is that the evidence of Mrs. Valdosta Carter is inadmissible and that if this inadmissible evidence had been excluded, the remaining evidence would be insufficient to support the verdict.

■ The complaint advanced by petitioner is grounds for appeal; not grounds for review upon a petition for a writ of habeas corpus. See United States ex rel. Saunders v. Myers, 276 F.2d 790 (3rd Cir.1960). "[T]he writ [of habeas corpus] is not designed for collateral review of errors of law committed by the trial court * * *." Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 1591, 91 L.Ed. 1982 (1947).

■ The ruling of the trial court to admit the evidence of Mrs. Carter as to petitioner's prior misconduct is no basis for federal habeas corpus review. Commonwealth of Pennsylvania ex rel. Prater v. Myers, 226 F.Supp. 19 (D.C.Pa. 1964). The court finds that no constitutional right of petitioner was violated by the trial court's ruling on the evidence even if the ruling were improper as a matter of law. However, the court does concur with the ruling by the trial court to admit the evidence.

■■ Petitioner also complains that the evidence is not sufficient to support the verdict. Petitioner apparently argues that there can be no verdict of guilty without sufficient evidence to prove one guilty beyond a reasonable doubt; that the evidence is all circumstantial; and that without the alleged inadmissible evidence of Mrs. Valdosta Carter, there is insufficient evidence to prove petitioner's guilt beyond a reasonable doubt. But the court is powerless to test the sufficiency of the evidence on a petition for habeas corpus. 28 U.S.C.A. § 2241(c) (3); See Young v. Boles, 343 F.2d 136 (4th Cir.1965). The court can determine only if there is any evidence to support the verdict. Garner v. State of Louisiana, 368 U.S. 157, 163, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961); Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). The court without deciding the question of the sufficiency of the evidence to prove guilt beyond a reasonable doubt, finds that there was evidence, excluding Mrs. Carter's testimony, which supported the verdict of murder in the second degree.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, the court finds that no constitutional right of petitioner was violated by the admission of the evidence of his prior misconduct, and the court, being without power to test the sufficiency of the evidence to convince beyond a reasonable doubt, does find that the verdict was not so devoid of evidentiary support as to deny petitioner due process of law under the Fourteenth Amendment.

Therefore, it is hereby adjudged and ordered that the petition for a writ of habeas corpus be, and hereby is denied.