**UNITED STATES of America,**
**Appellee,**

v.

**Gary Leonard KAPLAN, Appellant.**

**No. 732, Docket 33332.**

United States Court of Appeals
Second Circuit.

Argued July 24, 1969.

Decided Sept. 15, 1969.

Leonard W. Marks, Jack Kaplan, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for appellee.

James M. LaRossa, New York City, for appellant.

Before WATERMAN and HAYS, Circuit Judges, and BARTELS, District Judge.*

WATERMAN, Circuit Judge:

Appellant was found guilty of violating 18 U.S.C. § 657 after a one day non-jury trial before Judge MacMahon in the United States District Court for the Southern District of New York. He was charged with embezzling $1000 while a teller at the main office in New York City of the Franklin Society Federal Savings and Loan Association and, upon conviction, was sentenced as a youthful offender to an indeterminate period of treatment and confinement in accord with 18 U.S.C. § 5010(b).

Appellant challenges his conviction on two grounds of trial error requiring a remand for a new trial, first, that the Government's evidence tending to prove a prior embezzlement from the Association was erroneously permitted into evidence over appellant's objection and, second, that the unobjected-to testimony of an Association vice president in which he related incriminating admissions appellant made to him was prejudicially admitted.

Appellant further contends that if the vice president's testimony is struck the evidence remaining in the case is insufficient to convict and appellant should be acquitted. We reject all of appellant's contentions and affirm the judgment of conviction entered below.

After the discovery one day of a $1000 cash shortage, Association officials checked the tellers' daily "proof sheets" for the prior day in an attempt to discover the reason for the shortage. Examination of Kaplan's "proof sheet" revealed that Kaplan's adding machine tape, which was in an envelope signed by Kaplan, showed a printed total $1000 greater than the sum of the checks appearing on the tape. In order to demonstrate that this discrepancy was intentionally caused by Kaplan and was not due to negligence or to mechanical error, the Government introduced evidence of a prior similar act by Kaplan. Association officials testified that earlier that same month a teller's check had disappeared from a group of blank checks that had been requisitioned by the teller in charge of Kaplan's training. This check had been issued on the machine of a second teller in the amount of $5000 and had been issued without consideration, and in an unauthorized manner. The missing check did not appear again until March 7, 1968, when Kaplan, who had been discharged in the meantime for the $1000 embezzlement, presented the check, made payable to the Bedford Chevrolet Company, at the Franklin Association's 44th Street branch office where he attempted unsuccessfully to cash it with the explanation that he had purchased it from the bank in order to use it to buy a car, but had changed his mind about making the purchase.

The appellant's intent to take the $1000 was an essential element of the crime charged in the indictment, an element which the appellant never indicated below he did not consider to be in issue, and an element the Government had the burden of proving beyond a reasonable doubt. Compare United States v. Johnson, 382 F.2d 280, 281 (2 Cir. 1967). Generally in this circuit evidence of similar acts, including other similar crimes, is admissible, in the discretion of the trial court, if relevant for a purpose other than that of only showing a defendant's criminal character or disposition. E. g., United States v. Deaton, 381 F.2d 114, 117 (2 Cir. 1967) and cases cited therein. Proof that Kaplan had unlawfully appropriated the $5000 check was probative of the intent required to be proved as an element of the crime charged in the indictment because it showed that Kaplan had falsified bank records on that occasion with the purpose of defrauding the bank at that time. Thus the evidence was admissible in the discretion of the trial judge. *Id.* at 118, n. 3.

* Of the Eastern District of New York, sitting by designation.

Kaplan also challenges the admission into evidence of the Association's vice president's testimony recounting statements made by appellant to him when appellant returned $1000 to the Association. This testimony, not objected to at the trial, is now challenged on the ground that it stemmed from an unlawful FBI interrogation of appellant. After the vice president had testified, the Government attempted to introduce statements made by the appellant to the FBI during their investigation of the case. Upon objection by the defense, however, the trial judge excluded this FBI evidence on the ground that appellant had not been adequately advised of his rights before the FBI interrogation began.

██ Appellant's contention is groundless. In announcing his decision Judge MacMahon stated:

> I have disregarded *any* testimony dealing with admissions and confessions because I don't think that the defendant was adequately warned of his rights. (Emphasis added.)

Thus the record is clear that the trial judge in reaching his result disregarded *all* evidence of admissions the appellant may have made damaging him.

Recognizing the difficulty which this trial court declaration creates for him, appellant alternatively argues that if this testimony were truly disregarded the remaining evidence is insufficient to support his conviction. We do not agree. Kaplan's proof sheet, signed by him, to which was attached his teller's tape, clearly establishes a discrepancy of $1000. When this uncontrovertible evidence is considered together with Kaplan's payment of $1000 to the vice president which Kaplan claimed at trial he paid in order to avoid distress to his family and on the assurance that the matter would end there, and this evidence is coupled with Kaplan's attempt to cash a $5000 check appropriated at about the same time as the occurrence of the $1000 cash discrepancy, there is sufficient evidence to support the conviction.

Affirmed.