STATE OF CONNECTICUT *v.* ARTHUR HOLLIDAY

STATE OF CONNECTICUT *v.* ALBERT C. DANIELS

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued January 7—decided February 4, 1970

*Joel M. Ellis*, with whom was *Nathan Aaron*, for the appellants (defendants) in each case.

*George D. Stoughton*, assistant state's attorney, with whom, on the brief, was *John D. LaBelle*, state's attorney, for the appellee (state) in each case.

HOUSE, J.   The defendant Arthur Holliday was charged with assaulting Ira Cumby with intent to commit murder in violation of General Statutes § 53-12.   The defendant Albert C. Daniels was charged as an accessory to that crime in violation of §§ 53-12 and 54-196.   They were tried jointly before a jury.   Holliday was found guilty of assault with intent to kill, and Daniels was found guilty of being an accessory to that crime.   In each case a motion to set aside the verdict was denied, and, the sole issue on appeal being the same in each case, the court, on stipulation by both defendants, ordered a joint appeal.

At the trial Cumby testified that on August 13, 1967, he was with the two defendants in the apart-

ment of Sandra Crouch and that, as he prepared to leave the apartment after a quarrel, Daniels gave to Holliday a .45-caliber pistol which Holliday fired at Cumby, the bullet creasing his forehead. Thereafter the jury were excused while the court held a preliminary hearing on whether to admit the details of a subsequent assault upon Cumby. On the ground that the evidence, if believed, disclosed conduct on the part of the defendants indicating a consciousness of guilt, the court ruled that evidence of this second assault was admissible despite the protests of the defendants. The defendants claimed that the risk of undue prejudice from admission of this "other crime" evidence outweighed its probative value in proving their guilt of the specific crimes charged, that it would inflame the jury, and that counsel was unprepared to defend his clients with respect to this second episode. The correctness of this evidential ruling is the sole issue on this appeal, in which the defendants contend that the ruling was reversible error, in violation of the defendants' "constitutional right to be informed of the nature and cause of the accusation" and served to "deprive them of their liberty without due process of law."

This evidence which the court admitted for the consideration of the jury may be briefly summarized. Cumby testified that in April, 1968, shortly before the trial was scheduled to commence, two men whom he had seen moments earlier riding with the two defendants in Daniels' car threw the liquid contents of a cup at his face just after he emerged from an outside telephone booth, that a policeman took him to the hospital, and that the liquid burned him, leaving scars on the left side of his face and head. Another witness, Melvin L. Franklin, testified that in April, 1968, Holliday and Daniels had walked up to

him and asked if he had seen Cumby, that they told him not to tell Cumby that they were looking for him, that he saw Cumby and told him anyway, and that he saw Cumby a day and a half later and noticed that there was gauze and a scar on the left side of his face.

"As a general rule, evidence of guilt of other crimes is inadmisible to prove that a defendant is guilty of the crime charged against him. *State* v. *Harris,* 147 Conn. 589, 599, 164 A.2d 399." *State* v. *Fredericks,* 149 Conn. 121, 124, 176 A.2d 581. The reason for the rule is that in the setting of a jury trial the danger of prejudice from evidence that the accused is a person of bad character and thus more likely to have committed the crime charged is deemed to outweigh the probative value of such evidence and may have no direct tendency to prove the crime charged. *State* v. *Gilligan,* 92 Conn. 526, 103 A. 649; McCormick, Evidence § 157, pp. 326–27. However, "[t]hat evidence tends to prove the commission of other crimes by the accused does not render it inadmissible if it is otherwise relevant and material." *State* v. *Simborski,* 120 Conn. 624, 631, 182 A. 221; *State* v. *Palko,* 122 Conn. 529, 536, 191 A. 320, aff'd, 302 U.S. 319, 58 S. Ct. 149, 82 L. Ed. 288; *State* v. *Harris,* supra, 600; see also *State* v. *Jenkins,* 158 Conn. 149, 157, 256 A.2d 223. "Indeed, it has been said that there are so many exceptions to the rule that it is difficult to determine which is more extensive—the rule or its acknowledged exceptions." 29 Am. Jur. 2d 369, Evidence, § 321.

One of the generally acknowledged exceptions is evidence of criminal acts constituting admissions by conduct which are intended to obstruct justice or avoid punishment for the crime presently charged. McCormick, op. cit. § 157, pp. 327–28, 330. "As might

be expected, wrongdoing by the party in connection with his case, amounting to an obstruction of justice may likewise be proven against him as an admission by conduct. By resorting to wrongful devices he gives ground for believing that he thinks his case is weak and not to be won by fair means. Accordingly, a party's . . . undue pressure, by bribery or intimidation or other means, to influence a witness to testify for him or to avoid testifying . . . all these are instances of this type of admissions by conduct." McCormick, op. cit. § 250, p. 537; see *State* v. *Leopold*, 110 Conn. 55, 66–67, 147 A. 118; *In re Durant*, 80 Conn. 140, 151, 67 A. 497.

Where, as in this instance, such evidence is offered, the trial court must also consider whether its prejudicial tendency outweighs its probative value. The process of such a determination is variously called a balancing test; McCormick, op. cit. § 157, pp. 332–33; 6 Wigmore, Evidence (3d Ed.) § 1904, p. 574; 2 id. § 278, 1964 Sup., p. 42; or the exercise of judicial discretion. See *Thibodeau* v. *Connecticut Co.*, 139 Conn. 9, 14, 89 A.2d 223; *State* v. *Gilligan*, supra, 536; *Barry* v. *McCollom*, 81 Conn. 293, 299, 70 A. 1035; *State* v. *Kelly*, 77 Conn. 266, 269, 58 A. 705.

There is every indication that in the present case the trial court did more than simply determine that the evidence was admissible under an approved exception to the general rule. After the stated purpose of the evidence had been disclosed, the court insisted on hearing all of the testimony relating to the acid-throwing incident before permitting evidence relating to it to go to the jury. We cannot say as a matter of law that the decision to admit the evidence was an abuse of judicial discretion. Furthermore, it should be noted that, having balanced the proba-

tive effect of the testimony against its potentially inflammatory quality and having admitted the evidence, the court was properly and meticulously specific in instructing the jury as to the limited purpose for which it could consider the evidence of the second assault.[1] The defendants were entitled to, and were given, a charge safeguarding them from misuse of the evidence by the jury. *State* v. *Hoyeson,* 154 Conn. 302, 308, 224 A.2d 735.

There is no error in either case.

In this opinion the other judges concurred.

---

[1] "In this case, evidence has also been admitted about an acid throwing incident in which it was claimed that the defendants participated as the persons who actually instigated such an attack upon the complaining witness Cumby in order to intimidate him. If you find that the defendants did actually incite this attack for this purpose upon the complaining witness, that obviously does not prove that the defendants committed the crimes charged in this information. They might have done so for many other reasons, which we can only consider. It is a recognized principle of law that the fact that a person may have committed other offenses cannot be relied upon to prove that the person is guilty of the particular offense being tried. You cannot infer guilt of a crime charged from the fact that the accused person has in the past done other wrongful deeds. This evidence of the acid throwing incident was admitted solely for the purpose of showing conduct inconsistent with the plea of not guilty of the offense. If in fact they did incite this attack for the purposes of intimidating the complaining witness, like any other inconsistent conduct, such as the flight from the scene of a crime, it is not direct proof of the crime charged, but it is a circumstance to be weighed with all the other circumstances in deciding the question before you on the theory that such conduct is inconsistent with a claim of innocence and tends to show a consciousness of guilt. Of course, this is a factual matter of which you are the sole judge, and it is for you to decide whether in your opinion this incident, if it actually occurred, and if the defendants participated in it, would have any particular significance in deciding the question before you which, of course, is confined to the events that occurred on August 13, 1967."