**Arthur HOLLIDAY and Albert C. Daniels**

v.

**Frederick E. ADAMS, Warden, Connecticut State Prison.**

**Civ. No. 13850.**

United States District Court, D. Connecticut.

Sept. 23, 1970.

Igor I. Sikorsky, Jr., Hartford, Conn., for petitioners.

John D. LaBelle, State's Atty., George D. Stoughton, Chief Asst. State's Atty., Hartford, Conn., for defendant.

## MEMORANDUM OF DECISION ON PETITION FOR A WRIT OF HABEAS CORPUS

BLUMENFELD, District Judge.

Petitioners are prisoners at the Connecticut State Prison. At a joint jury trial in the state court Arthur Holliday was found guilty of assault with intent to kill and Albert C. Daniels was found guilty of being an accessory to that crime. During the trial, which dealt with an assault against one Ira Cumby,

evidence of a second assault upon Cumby was admitted over petitioners' objections. The second assault occurred the day before the trial was originally scheduled to begin, and the claim of the prosecution was that the second assault was instigated by the petitioners and that it was designed to prevent Cumby from testifying at the trial. After a preliminary hearing the trial court admitted the evidence on the ground that, if believed, it disclosed a consciousness of guilt on the part of the petitioners, inconsistent with their claims of innocence.

Briefly, that evidence consisted of testimony by Cumby that two men whom he had seen moments earlier riding with the two petitioners in Daniels' car threw the liquid contents of a cup at his face just after he emerged from an outside telephone booth and that the liquid burned him, leaving scars on his head and face. Another witness, Melvin L. Franklin, testified that at about the same time, Holliday and Daniels had approached him and asked if he had seen Cumby, that they told him not to tell Cumby that they were looking for him but he told Cumby anyway, and that he saw Cumby a day and a half later and noticed gauze and a scar on his face.

With full recognition of the rule that evidence of guilt of other crimes was not admissible to prove their guilt of the crime charged, the trial court gave the jury a cautionary instruction limiting the purpose for which the evidence could be considered:

"This evidence of the acid throwing incident was admitted solely for the purpose of showing conduct inconsistent with the plea of not guilty of the offense. * * * [I]t is not direct proof of the crime charged, but it is a circumstance to be weighed with all other circumstances in deciding the question before you on the theory that such conduct is inconsistent with a claim of innocence and tends to show a consciousness of guilt."

There is no claim that the evidence was obtained in violation of petitioners' rights. Rather, the claim is that it was a denial of their right to due process to admit the evidence at all on the theory that they were surprised at the introduction of the evidence, having no knowledge of the assault, and that its admission was so prejudicial and fundamentally unfair as to be a denial of due process.

Petitioners have exhausted their state remedies by raising this issue on appeal to the Supreme Court of Connecticut where the convictions were affirmed. State v. Holliday (State v. Daniels), 159 Conn. 169, 268 A.2d 368 (1970).

Initially, the question of whether the state court committed error in admitting the evidence of the second assault is irrelevant.[1] The only question for this court is whether that admission deprived petitioners of a constitutional right. In general, trial court errors in the admission or exclusion of evidence do not rise to the level of constitutional deprivations unless they violate specific constitutional safeguards, e.g., Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (coerced confessions); Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963) (illegally seized evidence), or amount to a denial of fundamental fairness shock-

---

1. As a matter of state law, the ruling was correct. State v. Leopold, 110 Conn. 55, 66–67, 147 A. 118 (1929); In re Durant, 80 Conn. 140, 151, 67 A. 497 (1907); McCormick. Evidence § 157 at 330–33 and § 250 at 536–39. But even if it were error, the normal and customary method of correcting trial errors is by appeal, and habeas corpus cannot serve as a substitute for appeal except in special circumstances. Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Wilson v. MacDougall, Civ. No. 13,815 (D.Conn. June 19, 1970); Ellis v. New Jersey, 282 F.Supp. 298, 303 (D.N.J.1967), cert. denied, 392 U.S. 938, 88 S.Ct. 2312, 20 L.Ed.2d 1397 (1968); Commonwealth of Pennsylvania ex rel. Prater v. Myers, 226 F.Supp. 19, 20 (E.D.Pa.), cert. denied. 377 U.S. 1005, 84 S.Ct. 1942, 12 L.Ed.2d 1054 (1964).

ing to the universal sense of justice. Bute v. Illinois, 333 U.S. 640, 649, 68 S. Ct. 763, 92 L.Ed. 986 (1948); Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166 (1941); United States ex rel. Scoleri v. Banmiller, 310 F.2d 720, 725 (3d Cir. 1962), cert. denied, 374 U.S. 828, 83 S.Ct. 1866, 10 L.Ed.2d 1051 (1963); Chavez v. Dickson, 280 F.2d 727, 735 (9th Cir. 1960), cert. denied, 364 U.S. 934, 81 S.Ct. 379, 5 L.Ed.2d 366 (1961). See generally, Foster v. California, 394 U.S. 440, 444, 450–451, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969) (Black, J., dissenting opinion).

■ Petitioners' first contention that the admission of the evidence concerning the second assault violated their right to be informed of the nature and substance of the charges is based on a false premise. They were not being criminally charged with the second assault; the evidence that it had been committed by the defendants had a bearing only on whether they had committed the first one, which is the only one with which they had been charged.

■ Petitioners' other contention is that the admission of the testimony as to the second assault was so prejudicial and fundamentally unfair as to deny them due process of law. I do not agree. There was no conflict with the "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions." Bute v. Illinois, *supra*, 333 U.S. at 649, 68 S.Ct. at 768. The case of United States ex rel. Scoleri v. Banmiller, *supra*, is distinguishable and the distinction was explained to the jury in the trial judge's instructions. That case held that the admission of defendant's entire prior criminal record in a capital case without character having been placed in issue by the defendant was so fundamentally unfair as to be violative of due process. *See* McCormick, Evidence § 157 at 326–327.

The ruling admitting evidence of acts by the accused for the purpose of obstructing justice or avoiding punishment for the instant crimes on the ground that they were independently relevant as admissions on the part of the defendants did not in any way infringe upon any constitutional rights of the petitioners.

The petition is dismissed.