**UNITED STATES ex rel. Arthur HOL- LIDAY and Albert C. Daniels, Petitioners-Appellants,**

v.

**Frederick E. ADAMS, Warden, Connect- icut State Prison, Respondent- Appellee.**

**No. 632, Docket 35534.**

United States Court of Appeals, Second Circuit.

Submitted March 18, 1971.

Decided March 26, 1971.

Igor I. Sikorsky, Jr., Hartford, Conn., for petitioners-appellants.

John D. LaBelle, State's Atty. for Hartford County, and George D. Stoughton, Chief Asst. State's Atty. for Hartford County, Hartford, Conn., for respondent-appellee.

Before SMITH and MOORE, Circuit Judges, and TIMBERS, District Judge.*

PER CURIAM:

Appellants Holliday and Daniels were charged, tried and convicted in April 1968 after a joint jury trial in the Superior Court, Hartford County, of the crimes of assault with intent to kill and of being an accessory to that crime, respectively. The Supreme Court of Connecticut affirmed both convictions on February 4, 1970. State v. Holliday and State v. Daniels, 159 Conn. 169, 268 A.2d 368 (1970).

The sole claim raised and rejected on appellants' appeal to the Supreme Court of Connecticut was the correctness of the evidentiary ruling by the state trial court in admitting, over appellants' objection, evidence of a second assault upon the victim of the assault for which appellants were on trial. The second assault occurred the day before the trial originally was scheduled to begin. The State claimed the second assault was instigated by appellants in an effort to prevent the

* Chief Judge of the District of Connecticut, sitting by designation.

victim of the original assault from testifying at the trial. The trial court admitted the evidence of the second assault solely to show consciousness of guilt and gave a careful cautionary instruction to the jury. The Supreme Court found no error in this evidentiary ruling and rejected appellants' asserted constitutional claims that admission of the other crime evidence violated their "right to be informed of the nature and cause of the accusation" and served to "deprive them of their liberty without due process of law."

In their habeas corpus proceedings in the District Court, appellants urged substantially the same constitutional claims with respect to the admission of the other crime evidence as were raised and rejected in the Supreme Court of Connecticut. The District Court likewise carefully considered and rejected each such claim, after first observing that "the question of whether the state court committed error in admitting the evidence of the second assault is irrelevant"[1] and "[t]he only question for this court is whether that admission deprived petitioners of a constitutional right."

We affirm on Judge Blumenfeld's well considered opinion of September 23, 1970, 325 F.Supp. 444 (D.Conn.1970).

Affirmed.

---

1. We note in passing that the standard for admission of, as well as the cautionary procedure in admitting, other crimes evidence is substantially the same under Connecticut law, see, e. g., State v. Holliday and State v. Daniels, 159 Conn. 169, 172–74, 174 n. 1, 268 A.2d 368, 369–70, 370 n. 1 (1970) ; State v. Leopold, 110 Conn. 55, 66–67, 147 A. 118, 123 (1929), as under federal law in this Circuit, see, e. g., United States v. Jordan, 399 F.2d 610, 612–13 (2 Cir.), cert. denied, 393 U.S. 1005 (1968) ; United States v. Bradwell, 388 F.2d 619, 621–22 (2 Cir.), cert. denied, 393 U.S. 867 (1968) ; United States v. Gardin, 382 F.2d 601, 603–04 (2 Cir. 1967) ; United States v.

Johnson, 382 F.2d 280, 281–82 (2 Cir. 1967) ; United States v. Deaton, 381 F. 2d 114, 117–18 (2 Cir. 1967) ; United States v. Knohl, 379 F.2d 427, 438–39 (2 Cir.), cert. denied, 389 U.S. 973 (1967) ; United States v. Bozza, 365 F.2d 206, 213–14 (2 Cir. 1966) ; United States v. Kahaner, 317 F.2d 459, 471–72 (2 Cir.), cert. denied, 375 U.S. 835–36 (1963).

Even if this were not so and, as Judge Blumenfeld noted, even if the state trial court's admission of the other crime evidence were error, such error would not rise to the level of constitutional dimensions unless shown to violate specific constitutional safeguards—a showing strikingly absent here.