Dr. Martin R. KAPLAN, Appellant,

v.

Dr. Paul M. GOODFRIED et al., Appellees.

No. 18100.

Court of Civil Appeals of Texas, Dallas.

June 21, 1973.

James H. Miller, Flagg, Cooper, Hayner, Miller & Long, Dallas, for appellant.

Paul Shoop, Thompson, Knight, Simmons & Bullion, Dallas, for appellees.

GUITTARD, Justice.

Dr. Martin Kaplan, an osteopathic physician, sued Dr. Paul Goodfried, an orthopedist, and Mary Jane Ulrich, his secretary and receptionist, for alleged slanderous remarks made to a patient of Dr. Kaplan's who had been referred to Dr. Goodfried for an examination. Our questions are whether the trial court properly excluded evidence of a similar remark by Dr. Goodfried to another patient of Dr. Kaplan's three years earlier, and whether the statement by the secretary was privileged. We hold that the earlier remark by Dr. Goodfried was properly excluded and that the statement by the secretary was privileged. Accordingly, we affirm the trial court's judgment for both defendants.

Plaintiff Dr. Kaplan alleged that the slanderous statements were made to his patient R. A. Cooks, who was sent by the State Department of Public Welfare to Dr. Goodfried for an examination and report. Plaintiff's evidence supports the jury's findings that Dr. Goodfried told Mr. and Mrs. Cooks "that Dr. Kaplan doesn't know what he is doing and should not be giving shots to Mr. Cooks," and also told them "that he should be going to Parkland Hospital and not to Dr. Kaplan where he is not receiving good care." The jury further found, however, that Dr. Goodfried did not act with malice in making these statements.

The excluded evidence was the testimony of Danny Stansell, who followed Dr. Goodfried on the witness stand. Plaintiff had showed by the testimony of Dr. Goodfried that Stansell had been referred to him by Dr. Kaplan three years before the visit of the Cooks. Defendants' counsel brought out that Dr. Goodfried had no recollection of any conversation with Stansell but that he had written a letter to Dr. Kaplan thanking him for the referral. Dr. Goodfried also testified that he later went

to Dr. Kaplan's home in response to an advertisement for the sale of an automobile and that on that occasion Dr. Kaplan reminded him that both had seen Stansell professionally. According to Dr. Goodfried, Dr. Kaplan offered him a drink and their relations were cordial.

On defendants' objection, Stansell's testimony was given in absence of the jury. He testified that Dr. Goodfried examined him and then suggested that he should go back to work. Stansell told him that both he and Dr. Kaplan thought something was wrong with him, and Dr. Goodfried then made a statement to the effect that Dr. Kaplan did not know what he was doing, was not even a medical doctor, and was "just like all of those other damn D.O.'s, he will take your money, treat you and not do you a damn bit of good." Plaintiff offered this testimony to prove malice on the part of Dr. Goodfried and also as corroboration of his making a similar statement later to the Cooks, but defendants' objection was sustained.

■■■ Plaintiff's first point urges that the excluded testimony was admissible on the issue of malice, which was material to overcome the physician's conditional privilege and as a predicate for exemplary damages. We hold that it was properly excluded for two reasons. In the first place, it was not admissible for one of the two purposes for which it was offered. Evidence offered for two purposes is properly excluded if inadmissible for one of the purposes stated. Singleton v. Carmichael, 305 S.W.2d 379 (Tex.Civ.App., Houston 1957, writ ref'd n. r. e.); 1 J. Wigmore, Evidence § 17 at 320 (3d ed. 1940). One of the purposes for which Stansell's testimony was offered was to "corroborate" the Cooks' testimony concerning Dr. Goodfried's remark on the occasion in question, which Dr. Goodfried denied. It was not admissible for that purpose, since the rule is that when utterance of the alleged defamatory words is in issue, evidence of similar remarks on other occasions is not

admissible to prove utterance of the words in question. Bird v. Huber, 179 Cal. 245, 176 P. 161 (1918); Kelley v. Paulsen, 162 Mich. 169, 127 N.W. 13 (1910); Keller v. Safeway Stores, 111 Mont. 28, 108 P.2d 605, 613 (1940); Malone v. State, 192 Wis. 379, 212 N.W. 879 (1927). Plaintiff cannot complain of the court's failure to admit the evidence for a limited purpose of showing malice, since he did not tender it for that limited purpose or request any limiting instruction. *Cf.* Kainer v. Walker, 377 S.W.2d 613 (Tex.1964).

■■■ In the second place, even if the evidence had been tendered for that limited purpose, the trial court had discretion to exclude it on the ground that its probative force was slight and would have been more than offset by its prejudicial effect. It shed no light on whether Dr. Goodfried believed the statement the jury found he later made to the Cooks. Lack of belief in the truth of the conditionally privileged communication is one of the important factors in determining malice in a libel or slander case. International & G. N. Ry. v. Edmundson, 222 S.W. 181 (Tex.Comm'n App.1920, judgmt approved); Mayfield v. Gleichert, 484 S.W.2d 619 (Tex.Civ.App., Tyler 1972, no writ). Neither did it indicate any personal ill will toward Dr. Kaplan, since at that time Dr. Goodfried had not met Dr. Kaplan. At most, it showed that Dr. Goodfried then had a low opinion of osteopaths as a group. On the other hand, Stansell's testimony would have been prejudicial on the disputed issue of whether Dr. Goodfried actually made similar statements to the Cooks on the occasion in question. It was also likely to increase the damages, since the jury might have had a tendency to include damages for the earlier defamation, or at least, to find greater damages for the second offense. Under these circumstances the judge had the responsibility of balancing the probative force of the evidence against its probable prejudicial effect, and his discretion in this respect ought not to be disturbed. 2 C. McCormick & R. Ray, Texas Law of Evi-

dence § 1481 (1956); Model Code of Evidence, rule 303 (1942). The ruling here was well within the court's discretion, since Stansell's testimony concerned a remark made to him three years before the alleged statements to the Cooks, and before Dr. Goodfried's visit to Dr. Kaplan at his home. According to Prof. Wigmore, other defamatory statements may properly be admitted to prove malice, but the length of time between the evidential utterance and that charged may affect its probative value, and the matter should be left entirely in the hands of the trial court. 2 J. Wigmore, Evidence § 405 at 373 (3d ed. 1940). On this point, see also Duncan v. Pearson, 135 F.2d 146 (4th Cir. 1943); Earl v. Times-Mirror Co., 185 Cal. 165, 196 P.2d 57 (1921); Barry v. McCollom, 81 Conn. 293, 70 A. 1035 (1908).

In his second point plaintiff contends that Stansell's testimony should have been admitted because defense counsel "opened up" the conversation between Stansell and Dr. Goodfried in previous examination of Dr. Goodfried. This point is overruled. Evidence of Stansell's visit to Dr. Goodfried was first adduced by counsel for plaintiff. Defense counsel merely brought out that the doctor did not remember his conversation with Stansell. The excluded evidence was not relevant to explain or qualify Dr. Goodfried's testimony in any respect. Plaintiff also argues that it was admissible for impeachment, but it was not offered for that purpose and no predicate was laid for impeachment by prior inconsistent statements. 1 C. McCormick & R. Ray, Texas Law of Evidence §§ 21, 692 (2d ed. 1956).

Plaintiff's third point asserts that the court erred in rendering judgment in favor of the secretary, Mrs. Ulrich, notwithstanding the verdict, because the physician's privilege did not extend to her. We hold that she also was entitled to the protection of a conditional privilege. As Dr. Goodfried's receptionist and secretary, her duties included obtaining a preliminary history from the patient. For this purpose she asked Cooks to fill out an information sheet. Cooks' daughter filled it out for him and listed Dr. Kaplan as the treating physician. According to Cooks and his wife, Mrs. Ulrich looked in the telephone directory for Dr. Kaplan's name and then said he was not listed in the telephone book and must not be a doctor. The jury found that Mrs. Ulrich made that following statement to the Cooks family: "That Dr. Kaplan isn't listed in the phone book and therefore is not licensed to practice." The jury further found that Mrs. Ulrich did not act with malice, but found $400 actual damages and $1,600 exemplary damages because of this statement.

Plaintiff argues that the statement by Mrs. Ulrich was not privileged because there was no occasion for her to make any statement about Dr. Kaplan in the course of obtaining Cooks' medical history. We do not agree. A conditional privilege is recognized whenever a public or private interest in the availability of correct information is of sufficient importance to require protection of honest communication of misinformation. 1 F. Harper & F. James, Law of Torts § 5.25 (1956). The interest giving rise to the privilege may be that of the publisher of the communication, the recipient, or a third person. Id. § 5.26; 3 Restatement of Torts §§ 594, 595 (1938). A privilege arises when the relationship of the parties affords reasonable grounds to suppose that the communication was prompted by an innocent motive rather than officious intermeddling. Lewis v. Chapman, 16 N.Y. 369 (1857). 1 F. Harper & F. James, supra § 5.26, at 445, 446; see Missouri P. Ry. v. Richmond, 73 Tex. 568, 11 S.W. 555 (1889); International & G. N. Ry. v. Edmundson, 222 S.W. 181 (Tex.Comm'n App.1920, judgment approved). Even a communication made voluntarily rather than in response to an inquiry is privileged if the relationship between the parties is such that it is within generally accepted standards of decent conduct to furnish the

information for the protection of the interest of the recipient. 3 Restatement of Torts § 595 (1938); 1 F. Harper & F. James, *supra* § 5.26, at 446.

These principles of law compel the conclusion that the relationship between the parties gave rise to a conditional privilege. The State Department of Public Welfare had referred Cooks to Dr. Goodfried for an examination and report. Dr. Goodfried had an interest in obtaining an adequate medical history and Mrs. Ulrich, as his secretary, had the duty to obtain it. Cooks also had an interest in supplying an adequate medical history and had a further interest in the qualifications of the doctor who had been treating him. Since Mrs. Ulrich was not acquainted with Dr. Kaplan, she had a duty to identify him. If she was unable to find his name in the directory, she could properly convey that information to the Cooks, together with her conclusion (however erroneous) as to what the information indicated to her, so that the Cooks could then supply any additional information that would identify Dr. Kaplan. Her remark was equivalent to saying, "I don't find his name in the directory. Is he licensed to practice?"

■■■ Although Mrs. Ulrich's statement may have been the result of faulty logic, the circumstances exclude any inference that it was motivated by ill will or any desire to intermeddle in matters not related to her duties. The privilege should not be construed so narrowly as to withdraw its protection whenever a communication is not strictly necessary to the interest to be served. Even though Mrs. Ulrich might have been able to complete Cooks' medical history without making the statement which the jury found she made, it did concern the qualifications of Dr. Kaplan, a matter in which both she and the Cooks had an interest. Consequently, it was within the scope of the privilege. *See* Cash Drug Store v. Cannon, 47 S.W.2d 861 (Tex.Civ.App., Beaumont 1932, no writ). Since the jury found that Mrs. Ulrich did not act with malice, the trial court properly rendered judgment in her favor. We are not concerned with whether it should have been a judgment on the verdict rather than notwithstanding the verdict, since that point is not raised.

Affirmed.